**Ruth E. JOHNSON**

v.

**Gregory M. EATON, et al.**

Civ. A. No. 93–1081–B–1.

United States District Court, M.D. Louisiana.

Jan. 10, 1995.

Garth J. Ridge, Bivens & Ridge, Baton Rouge, LA, for plaintiff.

Scott H. Crawford and David C. Sander, Preis & Crawford, Baton Rouge, LA, for defendants.

### RULING ON MOTION FOR PARTIAL SUMMARY JUDGMENT

RIEDLINGER, United States Magistrate Judge.

This matter is before the court on a motion for partial summary judgment filed by the plaintiff, Ruth E. Johnson. The motion is opposed by the defendants, Gregory M. Eaton and Kay White.[1]

Plaintiff filed this action pursuant to 15 U.S.C. § 1692, et seq., the Fair Debt Collection Practices Act (FDCPA). Plaintiff alleged that the defendants mailed two letters to her in connection with a debt owed to Kornmeyer Furniture Company.[2] Plaintiff claimed that the content and form of these communications violated various provisions of the FDCPA. The first letter dated March 25, 1993 notified the plaintiff that her account had been turned over to the defendants for collection. Defendants' opposition, record document number 28, exhibit A. Plaintiff alleged that this communication violated the debt validation provisions of section 1692g(a). Plaintiff claimed that since this same letter was a false and misleading representation of the legal status of the debt and an attempt to use unfair means to collect the debt, it violated sections 1692e, 1692e(2)(A), 1692e(10) and 1692f, as well as the notice requirements of section 1692g.

The second letter was also dated March 25, 1993 and contained two documents—a letter and questionnaire entitled "REQUEST FOR PAYMENT ARRANGEMENTS" and a proposed consent judgment. Defendants' opposition, record document number 28, exhibit B. Plaintiff alleged that this communication violated various portions of section 1692e. Plaintiff claimed that the documents violated sections 1692e and 1692e(10), the general provisions which prohibit a debt collector from using any false, deceptive or misleading representations or means to collect or attempt to collect a debt. Plaintiff also claimed that neither document contained the notice required by section 1692e(11), and that the written documents falsely represented

---

1. The parties have consented to proceed before the magistrate judge pursuant to 28 U.S.C. § 636(c). Defendants previously filed a motion for summary judgment on the issue of their status as debt collectors under the FDCPA. The motion was denied and the court determined that the defendants are debt collectors as that term is defined under 15 U.S.C. § 1692a(6). *See,* record document numbers 14, 18 and 23. There is no dispute that the plaintiff is a consumer and

that the debt is a consumer debt. 15 U.S.C. § 1692a(3) and (5).

2. Defendants admitted in their answer that both letters were mailed to the plaintiff on or about March 25, 1993 and that the letters contained the referenced documents. *See,* record document number 5, paragraphs 5 and 13.

that they were authorized, issued or approved by a court in violation of section 1692e(9).

Defendants argued in opposition that the initial letter contained the section 1692g validation statements and that the form and other contents of the letter did not contradict or overshadow this required notice. Furthermore, the defendants contended that the letter was not an unfair means of collecting the debt and did not misrepresent the obligation due by indicating that the plaintiff owed court costs when suit had not been filed. Defendants argued that this was not unfair or a misrepresentation because the contract signed by the plaintiff provided for court costs in the event suit was filed. In the alternative the defendants argued that whether the communication violated section 1692g or any of the provisions of section 1692e were questions of fact for the jury to decide.

In reference to the second letter sent to the plaintiff, defendants contended that they did not violate the section 1692e(11) notice requirement because the plaintiff called and requested payment arrangements and by doing so, waived her right to protection under the FDCPA. *See,* 15 U.S.C. § 1692c. Alternatively, if the plaintiff did not make the request and the letter was sent out in error, the defendants invoked the bona fide error defense provided in 15 U.S.C. § 1692k(c). Defendants made the same waiver and bona fide error arguments as to the plaintiff's claims that the payment arrangements package violated sections 1692e, 1692e(9) and 1692e(10). Defendants asserted that it is for the jury to decide the disputed issues relative to the waiver and bona fide error defense, and to determine whether the least sophisticated debtor would consider the documents false, deceptive or misleading within the

meaning of sections 1692e, 1692e(9) and 1692e(10).

### *Summary Judgment Standard and Applicable Law*

Summary judgment is only appropriate when the moving party, in a properly supported motion, demonstrates that there is no genuine issue of material fact, and that it is entitled to judgment in its favor as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 321–28, 106 S.Ct. 2548, 2552–55, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); Rule 56(c), Fed. R.Civ.P. If the moving party carries its burden under Rule 56(c), the opposing party must direct the court's attention to evidence in the record which demonstrates that it can satisfy a "fair-minded jury" that it is entitled to verdict in its favor. *Anderson,* 477 U.S. at 251–53, 106 S.Ct. at 2512. This burden is not satisfied by some metaphysical doubt as to the material facts, conclusory allegations, unsubstantiated assertions or only a scintilla of evidence. *Little v. Liquid Air Corp.,* 37 F.3d 1069 (5th Cir.1994). Where the moving party bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. *Anderson,* 477 U.S. at 251–53, 106 S.Ct. at 2512.

The substantive law identifies which facts are material. *Forsyth v. Barr,* 19 F.3d 1527, 1533 (5th Cir.1994). Under the FDCPA a least sophisticated consumer or debtor standard is used to assess whether section 1692g debt validation notices have been conveyed effectively to the debtor.[3] The same standard is used under section 1692e to evaluate whether a debt collector has used any false, deceptive or misleading misrepresentation in connection with the collection of any debt,[4] and whether a debt

---

3. *Graziano v. Harrison,* 950 F.2d 107, 111 (3d Cir.1991); *Smith v. Transworld Systems, Inc.,* 953 F.2d 1025, 1029 (6th Cir.1992); *Baker v. G.C. Services Corp.,* 677 F.2d 775, 778 (9th Cir. 1982); *Swanson v. Southern Or. Credit Serv., Inc.,* 869 F.2d 1222, 1225 (9th Cir.1988); *Jeter v. Credit Bureau, Inc.,* 760 F.2d 1168, 1175 (11th Cir.1985); *Bukumirovich v. Credit Bureau of Baton Rouge, Inc.,* 155 F.R.D. 146, 147 (M.D.La. 1994).

4. *See, Clomon v. Jackson,* 988 F.2d 1314, 1319 (2d Cir.1993) (most widely accepted test for determining whether a collection letter violates section 1692e is an objective standard based on the least sophisticated consumer); *Bentley v. Great Lakes Collection Bureau,* 6 F.3d 60, 62 (2d Cir. 1993); *Jeter,* 760 F.2d at 1177; *Beattie v. D.M. Collections, Inc.,* 754 F.Supp. 383, 392 (D.Del. 1991); *Swanson,* 869 F.2d at 1227; *Dutton v. Wolhar,* 809 F.Supp. 1130, 1135–36 (D.Del.

collector has used unfair on unconscionable means to attempt to collect a debt under section 1692f.[5]

## Analysis

### Whether the Notification Letter Violated Sections 1692g, 1692e, 1692e(2)(A), 1692e(10) or 1692f?

The contents of the March 25 letter signed by defendant White are undisputed. It is also undisputed that the letter contained the notice required by section 1692e(11)[6] and the notices required by section 1692g(a)(3) and (4).[7] However, the provisions of section 1692g are not satisfied merely by inclusion of the required debt validation statements. The statements must be conveyed effectively to the debtor. They must be large enough to be easily read and sufficiently prominent to be noticed. Furthermore, the notices must not be overshadowed or contradicted by other messages or notices appearing in the communication. *Swanson,* 869 F.2d at 1225; *Miller v. Payco–General American Credits, Inc.,* 943 F.2d 482, 484 (4th Cir.1991); *Graziano,* 950 F.2d at 111. The communication must be viewed from the perspective of the least sophisticated debtor. *Graziano,* 950 F.2d at 111.

Plaintiff argued that the defendants' threat of suit within seven days contradicts the validation notice by invoking a shorter response period and promising harm to the debtor who does not act within that time period.[8] Plaintiff contended that the least sophisticated debtor faced with these two statements will pay attention to the one which threatens suit if the debt is not paid in seven days, and ignore their validation rights under the statute. Plaintiff relied on the court decisions in *Swanson, Miller, Graziano,* and *Rabideau v. Management Adjustment Bureau,* 805 F.Supp. 1086, 1093 (W.D.N.Y.1992).

Defendants contended that the present case can be distinguished from *Swanson* and *Graziano.* Defendants emphasized that in *Swanson* the debt collector sent a letter in which the validation statements were placed at the very bottom in small ordinary typeface, and the contradictory language that

1992); *United States v. Central Adjustment Bureau, Inc.,* 667 F.Supp. 370, 375 (N.D.Tex.1986); *but see, Gammon v. GC Services Ltd.,* 27 F.3d 1254, 1257 (7th Cir.1994) (adopting an "unsophisticated" consumer standard for evaluating whether collection messages are deceptive or misleading).

**5.** *Masuda v. Thomas Richards & Co.,* 759 F.Supp. 1456, 1461–62 (C.D.Cal.1991); *Kimber v. Federal Financial Corp.,* 668 F.Supp. 1480, 1487 (M.D.Ala.1987).

**6.** Section 1692(e)(11) provides:

Except as otherwise provided for communications to acquire location information under section 1692b of this title, the failure to disclose clearly in all communications made to collect a debt or to obtain information about a consumer, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.

**7.** Section 1692g provides in part:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

**8.** The language at issue in the March 25, 1993 letter signed by defendant White reads as follows:

We will file suit in seven (7) days if the balance of $3,507.60 is not paid in full. Your total obligation includes interest, court costs and attorney's fees in addition to the $3,507.60 currently due. If $3,507.60 is paid within seven (7) days of this letter, we will waive the interest, court costs and attorney's fees.

dominated the center of the page was in bold-faced type and underlined.

Defendants pointed out that in this case the validation notice was the same size and type face as the other information in the letter and the location in the center of the page made it more prominent than the suggestion that suit would be filed within seven days if the balance was not paid. Furthermore, unlike *Graziano,* the validation statement was located on the front and center of the page, rather than on the back with a reference on the front as in *Graziano.*

Defendants' arguments are unpersuasive. In *Graziano,* though at the bottom of the page was the phrase "See reverse side for information regarding your legal rights!", it was undisputed that the statement of rights was printed in a manner sufficient to bring it to the attention of the debtor. *Graziano,* 950 F.2d at 109. The only issue was the content of the notice—a threat to sue within ten days unless the debt was resolved at that time. The Third Circuit, applying the least sophisticated debtor standard for evaluating section 1692g notices, concluded that there was a reasonable probability that the least sophisticated debtor, faced with a demand for payment within ten days and a threat of immediate legal action, would be induced to overlook his statutory right to dispute the debt within 30 days. The court stated that a "notice of rights, when presented in conjunction with such a contradictory demand, is not effectively communicated to the debtor." *Graziano,* 950 F.2d at 111.

Defendants accurately pointed out that the letter signed by White did not have the form problems of the communication at issue in *Swanson.* However, in reaching its conclusion that through the eyes of the least sophisticated debtor the notice was misleading in both form and content, the *Swanson* court stated that the debt collector's form invoked a shorter response period promising harm to the debtor who waited beyond ten days. It was an attempt to evade the spirit of the notice statute and mislead the debtor into disregarding the required debt validation notice. *Swanson,* 869 F.2d at 1226.

Just as in *Graziano,* the March 25 demand letter sent by the defendants threatened filing suit within seven days unless the plaintiff paid the entire balance. The threat of harm is clearly more specific than the threatening language found misleading in *Swanson.*[9] Obviously, if the plaintiff were to respond to the threat of suit by acting within the seven days to pay the debt in full, she would be foregoing her statutory rights to dispute and obtain verification of the debt within 30 days. The contradictory and overshadowing effect of this threat is strengthened by the sentences that follow. The plaintiff was given an incentive to pay within the seven days. If the balance was paid within that time other potential costs—interest, court costs and attorney's fees—would not be incurred. While it could be argued that an alternative interpretation of the letter is that the language about filing suit within seven days is not contradictory but is merely a parallel course of action that may legally be pursued by the debt collector, applying the least sophisticated debtor standard no reasonable jury could find that such a debtor would make this distinction.[10]

The facts relevant to the section 1692g notice issue—the content and form of the March 25 demand letter—are undisputed.[11] Viewing these facts in the light most favorable to the defendants and through the eyes of the least sophisticated debtor, a reasonable trier of fact could only conclude that the least sophisticated debtor would be induced

**9.** The relevant language in *Swanson* was: "IF THIS ACCOUNT IS PAID WITHIN THE NEXT 10 DAYS IT WILL NOT BE RECORDED IN OUR MASTER FILE AS AN UNPAID COLLECTION ITEM. A GOOD CREDIT RATING—IS YOUR MOST VALUABLE ASSET." *Swanson* 869 F.2d at 1225.

**10.** *See, Dutton,* 809 F.Supp. at 1141 (analyzing a claim under section 1692e(10) using the least sophisticated debtor standard the court stated that when language is susceptible to two plausi-

ble interpretations the least sophisticated debtor is not charged with gleaning the more subtle of the two interpretations); *Clomon v. Jackson,* 988 F.2d at 1319.

**11.** *See, Jeter,* 760 F.2d at 1177, n. 11 (question is not whether the plaintiff debtor was deceived but whether the least sophisticated consumer would have been deceived; extent of deception is relevant to damages under the FDCPA).

to overlook and disregard his statutory right to dispute and verify the debt within 30 days. Because the threat and incentive in the defendants' letter contradicts and overshadows the statutory notice, the section 1692g notice was not effectively communicated to the debtor.

There are no genuine issues of material fact and the plaintiff is entitled to summary judgment as a matter of law on her claim that the letter signed by defendant White violated 15 U.S.C. § 1692g.

■ Plaintiff also claimed that the same letter violated the general provisions of sections 1692e and 1692e(10) which prohibit a debt collector from using any false, deceptive or misleading representations or means to collect or attempt to collect a debt. The factual basis for this claim was the portion of the letter that stated: "Your total obligation includes interest, court costs and attorney's fees in addition to the $3,507.60 currently due." Plaintiff asserted that this was a false representation because suit was not filed until April 5, 1993,[12] therefore, no court costs were due at the time the letter was sent. Additionally, the plaintiff asserted that this false representation plus the defendants' use of the reference in the top center of the page: "KORNMEYER FURNITURE CO. vs. RUTH E. JOHNSON," constituted a false representation as to the legal status of the debt in violation of section 1692e(2)(A).[13] Plaintiff relied on the Courts of Appeals deci-

sions in *Bentley* and *Crossley v. Lieberman,* 868 F.2d 566, 571 (3d Cir.1989).

Defendants argued that it was a question of fact for the jury to decide whether the form of the letter and statement about the plaintiff's total obligation including court costs were false representations or misleading as to the legal status of the debt. Defendants contended that the statement: "Your total obligation includes interest, court costs and attorney's fees in addition to the $3,507.60 currently due," was not misrepresentation of the obligation owed because the statement was based on the terms of the contract which were agreed to by the plaintiff.[14] The judgment entered against the plaintiff reflected that she owed the debt and interest as well as 25% attorney's fees and costs of the proceedings.[15] Defendants asserted that the sentence including the statement "[w]e will file suit in seven (7) days" indicates clearly that they were not involved in suit at that time. Defendants argued that unlike the debt collector in *Crossley v. Lieberman* there was no reference in the letter to the debtor as plaintiff, even though once payment was not made an adversary relationship had begun.

Again, the court must view the plaintiff's claims under section 1692e(2)(A) and the general provisions of sections 1692e and 1692e(10) from the perspective of the least sophisticated consumer or debtor. Viewed from this perspective the defendants' arguments again are unpersuasive. It is undis-

---

**12.** *See,* number 3 of the plaintiff's statement of undisputed facts; copy of petition attached as exhibit 1 to plaintiff's motion.

**13.** Section 1692e provides in pertinent part:
§ 1692e. **False or misleading representations**
A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
(2) The false representation of—
(A) the character, amount, or legal status of any debt;
(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

**14.** Defendants attached a copy of the contract as an exhibit to their opposition. The relevant portion is paragraph 18:
ATTORNEY'S FEES AND COSTS. If you have not made payments as required and your account is sent for collection to an attorney, we **may be awarded** reasonable attorney's fees, not in excess of 25% of the unpaid debt after default and referral to an attorney for collection plus allowable court costs. (Emphasis added.)
The demand letter does not quote this portion of the contract, and the statements in the letter cannot be reasonably interpreted to equate to the statement in the contract that allowable court costs may be awarded.

**15.** Copy of the judgment dated May 17, 1993 is attached as an exhibit to the defendants' opposition.

puted that suit was not filed at the time the communications were mailed by the defendants. The statement that suit will be filed in seven days might make it clear that suit was yet to be filed, except for the fact that the sentence immediately following is written in the present tense and indicates that the debtor's present obligation does include court costs. The next sentence also supports the conclusion that court costs are owed because the debtor is told that they will be waived if the amount is paid within seven days of the letter. Combining this language with the reference at the top center of the page: "KORNMEYER FURNITURE CO. vs. RUTH E. JOHNSON," and the receipt of the request for payment arrangements and consent judgment,[16] makes what might have been clear, confusing and misleading to the least sophisticated consumer. A reasonable trier of fact could only conclude that the least sophisticated debtor, who is not expected to make the subtle distinctions argued by the defendants, would think that he owed court costs and that he had already been sued.

There are no genuine issues of material fact and plaintiff is entitled to summary judgment as a matter of law on her claim that the defendants' letters misrepresented the legal status of the debt and violated section 15 U.S.C. § 1692e(2)(A).

■ Summary judgment is denied as to the plaintiff's claims under the general provisions of sections 1692e and 1692e(10). The allegation that is the basis for these claims is part of the same conduct that is the basis for the defendants' violation of section 1692e(2)(A)—misrepresentation that court costs were owed when suit had not yet been filed. Defendants have already been found liable for this conduct under a specific subsection of 1692e. If the plaintiff cannot allege actions distinct from this as a basis for violations of sections 1692e and 1692e(10), then the defendants should not be found liable two more times for same conduct un-

der more general provisions of the same section.[17]

■ Plaintiff also asserted that this same conduct—the representation that court costs were owed—violated section 1692f. Plaintiff's allegation is under the general provision that a debt collector "may not use unfair or unconscionable means" to collect or attempt to collect a debt, and does not fall under any of the eight specific prohibitions of this section. Plaintiff argued that attorneys who engage in misrepresentation have committed an ethical violation and that unethical acts are unfair. Plaintiff stated that the Louisiana Supreme Court has found that an attorney who misrepresents his role to an unrepresented party violates his ethical obligations as well as the FDCPA.

Defendants argued in opposition that it was not misleading or unfair to include in the letter a statement of the plaintiff's agreement and obligation that court costs would be due if she became delinquent in her payments. Alternatively, the defendants contended that whether this conduct was unfair or unconscionable was a question for the jury and not appropriate for summary judgment.

Plaintiff's arguments are unpersuasive. There is no evidence that the defendants have been charged with ethics violations involving any type of misrepresentation. Plaintiff cited a state court case for the proposition that an attorney who misrepresents his role to an unrepresented party violates ethical obligations as well as the FDCPA. However, the plaintiff has not alleged or come forward with any evidence that the defendants misrepresented their role to the plaintiff. Plaintiff's claim under section 1692f is based on the defendants' representation that court costs were owed when suit was not yet filed. Plaintiff cited a Supreme Court decision for the proposition that unethical acts are unfair. Yet, a review of that decision shows that whether an act is "immoral, unethical, oppressive, or unscrupu-

---

16. The summary judgment evidence does not establish exactly when the plaintiff received both letters. It is undisputed that both were dated March 25, 1993, which was before a suit was actually filed, were mailed on or about that date and were received by the plaintiff.

17. *See, Dutton*, 809 F.Supp. at 1140 (mere reallegation of violations of specific sections of the FDCPA is insufficient to constitute a violation of § 1692e(10)), *citing, Beattie*, 754 F.Supp. at 394.

lous" is merely one of the factors considered by the Federal Trade Commission in determining whether a particular practice is unfair.[18]

Plaintiff, who bears the burden of proof at trial has not established that she is entitled to summary judgment as a matter of law on her claim under 15 U.S.C. § 1692f.[19]

### Whether the Letter Questionnaire and Consent Judgment Violated Section 1692e, 1692e(9), 1692e(10) or 1692e(11)?

■ Plaintiff argued that the letter and attached consent judgment violated two specific provisions of section 1692e. The first is the notice requirement of section 1692e(11) and the second is the prohibition in section 1692e(9) against the "use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval."

Section 1692e(11) requires that "all communications made to collect a debt" disclose clearly that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose. Defendants do not dispute the merits of this claim or the fact that this notice was not included in either the letter or consent judgment. Defendants essentially argue that summary judgment should not be granted in the plaintiff's favor because there is a fact at issue that is relevant to their alleged defenses of waiver and bona fide error.

■ The weight of authority is that the notice under 1692e(11) is required in all communications made to collect a debt. *Dutton v. Wolpoff and Abramson*, 5 F.3d 649, 653 (3d Cir.1993).[20] Unlike the demand letter, the letter questionnaire and consent judgment do not contain this required notice,

therefore, these communications were in violation of 15 U.S.C. § 1692e(11).

Defendants' attempt to prevent summary judgment by asserting that a genuine issue of material facts exists as to their defenses is unavailing. Whether or not the plaintiff called and requested payment arrangements has nothing to do with whether the documents contained the section 1692e(11) notice. Defendants do not argue that the letter and consent judgment are not communications in connection with collection of a debt, or that the notice was inadvertently omitted from the documents. It is undisputed that the plaintiff received the documents which did not contain the notice mandated by section 1692e(11). Accordingly, plaintiff is entitled to judgment as a matter of law on her claim under 15 U.S.C. § 1692e(11).

■ Plaintiff also claimed that the letter questionnaire and consent judgment violated section 1692e(9). Plaintiff noted that both documents contained the caption "KORN-MEYER FURNITURE CO. vs. RUTH E. JOHNSON." Plaintiff contended that with a proper suit caption and a copy of a consent judgment with a place for the signature of the city court judge, it would appear to the least sophisticated consumer that suit had been filed and that the consent judgment originated or was authorized by a court.

Defendants argued that the communications were not deceptive or misleading because the letter clearly stated that payment arrangements were not encouraged and the consent judgment merely reiterated the contractual agreement entered into by the plaintiff. In the alternative defendants argued that the plaintiff waived the protection of the FDCPA by requesting payment arrangements or that the communications were sent as a result of a bona fide error.

Viewed from the perspective of the least sophisticated consumer, the only reasonable

---

**18.** *FTC v. Sperry & Hutchinson Co.*, 405 U.S. 233, 243–44, 92 S.Ct. 898, 905, 31 L.Ed.2d 170 (1972).

**19.** Plaintiff did not argue or cite any authority that a misrepresentation under section 1692e is necessarily a false or unconscionable practice under 1692f.

**20.** *Dutton* and the cases it cites and follows on this question are persuasive because they are consistent with the plain language of the statute. *But see, Pressley v. Capital Credit & Collection Serv., Inc.*, 760 F.2d 922, 925 (9th Cir.1985).

conclusion is that the letter and consent judgment create the false impression that they were issued or approved by a court. The letter has a suit caption in the heading and is attached to a document which more prominently displays this same caption. The other part of the heading contains the name of the court and the body of the document has all the indications that it came from a court. It is entitled "judgment" and is a judgment in form and content, complete with signature line for the judge. Applying the standard of the least sophisticated debtor, a reasonable trier of fact could only conclude that such a debtor would view these communications and believe he had been sued and that these documents were issued by the court.

■ Again, defendants attempt to escape liability by asserting the affirmative defenses of waiver and bona fide error. There is no basis in fact or law for the defendants' waiver argument. The portion of the FDCPA which the defendants relied upon, 15 U.S.C. § 1692c, does not apply to any of the facts or circumstances of this case.[21] Assuming the plaintiff did call and request payment arrangements, defendants did not cite any authority or explain how section 1692c could operate as a waiver of the plaintiff's protection against receiving false or misleading communications. This defense is without merit and cannot preclude summary judgment.

■ Defendants also asserted a bona fide error defense under section 1692k(c) which provides:

A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a prepon-

derance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

Defendants relied upon an affidavit of defendant Eaton and a copy of the policy and procedure manual in effect at the time the documents were mailed to the plaintiff. Defendants argued that the affidavit and manual make it clear that there were procedures in effect to prevent the error of sending out a payment arrangement without a request by the debtor. Plaintiff contended that the evidence submitted by the defendants is insufficient to establish that they had procedures in place to avoid the error committed.

■ A reliance on advice of counsel, a mistake about the law, or mere inadvertence are not shielded by the unintentional and bona fide error defense.[22] In order to prevail on this defense the defendants must establish the existence of reasonable preventive procedures to avoid such errors. *See, Fox v. Citicorp Credit Services, Inc.,* 15 F.3d 1507, 1513–14 (9th Cir.1994). In light of the applicable law the defendants' summary judgment evidence does not show procedures reasonably adapted to avoid the error resulting in the violation.[23]

Defendants rely on their deposition testimony in which they stated that the package is only sent out upon request of the debtor and absent such a request the package would not have been sent out except for an inadvertent, unintentional mistake. Defendants also rely upon the procedures in section D of the outline to show that there were procedures to prevent this type of mistake.[24] Yet, this

---

**21.** The subject of section 1692c is communication in connection with debt collection. It restricts the time, place and circumstances of communicating with a consumer, but allows the restrictions under some circumstances to be waived by permission of a court or prior consent of the consumer.

**22.** *See, Pipiles v. Credit Bureau of Lockport, Inc.,* 886 F.2d 22, 27 (2d Cir.1989); *Baker,* 677 F.2d at 779; *Dutton,* 809 F.Supp. at 1138, *citing, Beattie,* 754 F.Supp. at 389.

**23.** Defendants cited *Smith v. Transworld Systems, Inc.,* 953 F.2d at 1031, in support of their

bona fide error defense. The court's holding and reasoning offer little guidance in the present case. Though the court found the defendant's procedures "reasonably adapted to avoid any such error," the court did not explain the content of the procedures and how the procedures were reasonably adapted to avoid the error that occurred.

**24.** The procedures cited by the defendants are numbers one and two under the heading "Payment Arrangement Package." The debtor must acknowledge the debt and supply all necessary information. Number three under the same heading is: "Debtor will usually call to request

evidence does not outline any procedures to make sure the documents are sent out only upon a request from the debtor. If the call or request from the debtor is the key triggering event then why does the procedure manual not contain a policy and procedure for file documentation of phone calls, communications or requests from the debtor,[25] or a requirement that before all payment packages are mailed out that someone verify that it has been requested and that suit has been filed? The procedures relied upon by the defendants are not reasonably designed to prevent the type of unintentional mistake that the defendants claim occurred in this case. They are designed to collect the debt. In the absence of any evidence supporting the existence of reasonable preventive procedures, which is an essential element of the bona fide error exception, the assertion of this defense cannot preclude summary judgment. Plaintiff is entitled to summary judgment as a matter of law on her claims under 15 U.S.C. § 1692e(9).[26]

Accordingly, the motion for partial summary judgment by the plaintiff, Ruth E. Johnson, is granted in part and denied in part. The motion is granted as to the plaintiff's claim that the defendants violated 15 U.S.C. §§ 1692g, 1692e(2)(A), 1692e(9) and 1692e(11). The motion is denied as to plaintiff's claims under 15 U.S.C. §§ 1692e, 1692e(10) and 1692f.[27]

---

payment arrangements after he has been served. Determine service when debtor calls to request payment arrangement."

**25.** White testified in her deposition that if there had been a telephone call from the plaintiff she most probably would have handled it and did not recall if the plaintiff had actually called. White was also asked if there had been a telephone call if she would have made some notation of it. Her response was she was not sure. White's deposition, pp. 26–27.

**26.** Plaintiff also claimed that the letter questionnaire and consent judgment were false, misleading and deceptive under sections 1692e and 1692e(10). Again, since the alleged conduct has been found in violation of specific provisions under section 1692e, there is no reason to determine liability under these general provisions for the same conduct.

**27.** Plaintiff requested that the determination of damages be reserved for the jury. Defendants agree that the issue of damages should be submitted to a jury.