Anne B. SIBLEY

v.

FIRSTCOLLECT, INC.

No. 94–2710–A–M2.

United States District Court,
M.D. Louisiana.

Dec. 6, 1995.

Garth J. Ridge, Bivens & Ridge, Baton Rouge, LA, for plaintiff, Anne B. Sibley.

Edward P. Gothard and Frederick M. Stoller, McCloskey, Langenstein, & Stoller, New Orleans, LA, for defendant, Firstcollect, Inc.

### RULING

NOLAND, United States Magistrate Judge.

This matter is before the Court on plaintiff Anne B. Sibley's motion for partial summary judgment filed with the Court on September 12, 1995. Plaintiff has sued defendant Firstcollect, Inc., (hereinafter "Firstcollect"), pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter the "FDCPA"), alleging several violations under the FDCPA. Plaintiff brings this partial motion for summary judgment alleging that Firstcollect is liable to the plaintiff under the FDCPA because, when it engaged in collection activities against the plaintiff, Firstcollect was not a licensed "debt collector" as required by Louisiana Revised Statutes 9:3576.8.

Firstcollect contends that, even if the failure to be licensed as a "debt collector" under Louisiana law is a violation under the FDCPA, its conduct is protected by the *bona fide* error defense, which necessarily raises a disputed issue of material fact that prevents the Court from entering partial summary judgment in the plaintiff's favor. Firstcollect maintains it is entitled to raise the *bona fide* error defense because it relied upon the erroneous legal advice of counsel who, prior to the alleged violations involving the plaintiff, advised Firstcollect that there were no licensing requirements for debt collectors in Louisiana. Additionally, Firstcollect argues that a violation of state licensing statutes is not an *ipso facto* violation of the FDCPA because, to the extent that state law provisions conflict with the FDCPA, such provisions are pre-empted by the FDCPA.

Plaintiff counters Firstcollect's arguments and asserts that the *bona fide* error defense does not apply to the error of law made by Firstcollect. Furthermore, plaintiff argues that Firstcollect fails to present evidence that it employed a system that would have caught the error made by its legal counsel but, nonetheless, failed to catch the mistake. Finally, plaintiff maintains that Louisiana's requirement that all debt collectors register with the state is not inconsistent with the FDCPA and, therefore, a failure to be licensed can be a violation of the FDCPA.

As this matter is before the Court on the plaintiff's motion for summary judgment, the basic question before the Court is whether the evidentiary materials on file "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c) (West 1992). When a summary judgment motion is properly made and supported under Rule 56(c), the nonmoving party may not rest on the mere allegations of its plead-

ings but, rather, must come forward with "specific facts" showing that there is a genuine issue for trial. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); Fed.R.Civ.P. 56(e) (West 1992). Accordingly, summary judgment must be entered against a nonmoving party who has the burden of proof at trial (on a claim or defense) when that party fails to make an evidentiary showing in opposition to the motion sufficient to establish the existence of an element essential to the claim or defense, *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986), for a failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Id.* There is no genuine issue for trial on a claim unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party on the claim. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). If the evidence on a claim or defense is merely colorable or is not significantly probative, summary judgment may be entered against the nonmoving party on that claim. *Id.*

■ In order to prevail on her cause of action pursuant to 15 U.S.C. § 1692k, plaintiff must prove that: (1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA. *See, e.g., Kolker v. Duke City Collection Agency,* 750 F.Supp. 468, 469 (D.N.M.1990). The parties agree that the first two parts of this test have been met. It is the last item that must be decided by the Court. Plaintiff alleges only one overt act or omission in her complaint that she deems to be a violation of the FDCPA. Namely, that at the time of all its communications with the plaintiff, Firstcollect was an unlicensed debt collector in violation of Louisiana Revised Statutes 9:3576.8, which requires that all debt collectors be licensed with the state of Louisiana prior to engaging in any debt collecting activities within Louisiana. La.R.S. 9:3578.8 (West Supp.1995). Plaintiff alleges that

Firstcollect's omission in this respect was a violation of sections 1692e(5), 1692e(10), and 1692f of the FDCPA.

■ Several district courts agree with the plaintiff's proposition that a failure to comply with a state's licensing provisions is a violation of the FDCPA. *See Russey v. Rankin,* 911 F.Supp. 1449, 1458–59 (D.N.M.1995); *Kuhn v. Account Control Technology, Inc.,* 865 F.Supp. 1443, 1451–52 (D.Nev.1994); *Gaetano v. Payco of Wisconsin, Inc.,* 774 F.Supp. 1404, 1413–14 (D.Conn.1990). After reviewing the cases cited by the plaintiff, this Court agrees that a debt collector who has not been properly licensed by the state in which it attempted to collect a debt has violated Section 1692e(5) of the FDCPA.

Louisiana Revised Statutes 9:3576.8 states that "[n]o person shall act, assume to act, or advertise as a collection agency ... without first having applied for and obtained a license from the commissioner." La.R.S. 9:3576.8 (West Supp.1995). Under Louisiana law, a person can be fined up to $500.00, be imprisoned for up to six months, and be forced to forfeit any fees obtained collecting debts if he is found guilty of operating a collection agency without a valid license. La.R.S. 9:3576.22 (West Supp.1995). Clearly, then, it is unlawful to collect debts in Louisiana without a valid license.

According to Section 1692e(5) of the FDCPA, it is a violation of the FDCPA for a debt collector to threaten "to take any action that cannot be legally taken. . . ." 15 U.S.C. § *1692e*(5) (West 1982). At the time Firstcollect communicated with the plaintiff about her underlying debt, it did not hold the necessary Louisiana license. The two letters later received by plaintiff's counsel regarding the plaintiff's debt were designated as "an attempt to collect a debt." Thus, it is undisputed that the letters and other communications were an attempt to act as a debt collector in Louisiana without the required license. Consequently, when Firstcollect attempted to collect the debt from the plaintiff, it was threatening to take an action that it could not legally take, namely, act as a debt collector in the state of Louisiana. Hence, it violated

Section 1692e(5) of the FDCPA. Now that the Court has decided that Firstcollect's failure to be licensed violated Section 1692e(5), the Court need not address whether this same omission violated Sections 1692e(10) and 1692f of the Act.[1] *See Johnson v. Eaton,* 873 F.Supp. 1019, 1026 (M.D.La.1994).

■ Next, the Court must address Firstcollect's contention that it has a defense under Section 1692k(c) of the FDCPA which precludes the issuance of summary judgment. Section 1692k(c) provides that "[a] debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional *and* resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c) (West 1982) (emphasis supplied).

■ First, as pointed out by the plaintiff, there is considerable authority that an error of law, such as relying upon the erroneous advice of counsel, is not protected by the *bona fide* error defense. *Pipiles v. Credit Bureau of Lockport, Inc.,* 886 F.2d 22, 27 (2d Cir.1989); *Hulshizer v. Global Credit Servs., Inc.,* 728 F.2d 1037, 1038 (8th Cir.1984) *(per curiam);* *Baker v. G.C. Servs. Corp.,* 677 F.2d 775, 779 (9th Cir.1982); *Johnson v. Eaton,* 873 F.Supp. 1019, 1028 (M.D.La. 1994). Moreover, to prevail on a *bona fide* error defense, the debt collector has to show that the violation was not intentional, *and* that it maintained procedures reasonably adapted to avoid such an error. Firstcollect filed an affidavit by its vice-president Mark Prince, who attests that Firstcollect used outside counsel on two occasions, once in October of 1993 and once in July of 1994, to determine whether it was required to be licensed in Louisiana. On both occasions, counsel erroneously advised Firstcollect that it was not required to be licensed, even though Louisiana's licensing requirements went into effect on September 1st, 1993. Mr. Prince's affidavit further suggests that

Firstcollect "took reasonable steps and adopted practices and policies based upon this legal advice to ensure that it would comply with the laws of the various states in which it operated" and that any unlicensed collection activities within Louisiana "was strictly the result of an unintentional, bona fide error, which occurred despite good faith efforts to comply with the law and the creation of maintenance procedures and policies described above, which were designated to avoid the occurrance of such an error." Mr. Prince's averments are nothing more than legal conclusions and do not set forth any facts that show Firstcollect maintained "procedures reasonably adapted to avoid such error." *See, e.g., Fox v. Citicorp Credit Services, Inc.,* 15 F.3d 1507, 1514 (9th Cir.1994) (fact that writ of garnishment was issued in error and would not have been issued if agent handling file had been aware of all relevant facts was insufficient to prevail on *bona fide* error defense where debt collector provided no evidence of a system implemented to prevent the error).

■ That Firstcollect asked its outside counsel twice in the space of ten months to check whether it became required to be licensed in the states in which it operated, is not evidence of "procedures reasonably adapted to avoid such error" but, rather, evidence of the error itself. Firstcollect, however, presents no evidence that it had a system in place to protect it from errors in legal advice. For example, Firstcollect did not routinely ask for second opinions or require its attorney to do frequent surveys of the applicable law. Nor is there any evidence that Firstcollect's attorney employed any procedure reasonably adapted to prevent the dissemination of incorrect legal advice. Hence, even if Firstcollect could maintain a *bona fide* error defense for errors of law, which it cannot, Firstcollect has failed to present evidence on the *bona fide* error defense to raise a disputed issue of material fact sufficient to avoid summary judgment.

■ Finally, this Court must address Firstcollect's defense that the failure to com-

---

**1.** Section 1692e(10) makes unlawful "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10) (West 1982). Section 1692f makes unlawful the use of "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f (West 1982).

ply with Louisiana law cannot be a violation of the FDCPA because Louisiana's licensing requirement is inconsistent with the FDCPA, and is therefore pre-empted by the FDCPA. The defendant's argument in this respect is contrary to the plain language of Section 1692n of the FDCPA, which provides:

> This subchapter does not annul, alter, or affect, or exempt any person subject to the provisions of this subchapter from complying with the laws of any State with respect to debt collection practices, except ·to the extent that those laws are inconsistent with any provision of this subchapter, and then only to the extent of the inconsistency. For the purposes of this section, a State law is not inconsistent with this subchapter if the protection such law affords any consumer is greater than the protection provided by this subchapter. 15 U.S.C. § 1692n (West 1982).

Louisiana's requirement that all debt collectors be licensed is not at all inconsistent with the FDCPA. To the extent that Louisiana has provided its citizens with more protection from debt collectors than the FDCPA, by requiring all such entities to submit to an investigation and maintain a license, Section 1692n specifically provides that such laws are not inconsistent with, or preempted by, the FDCPA.

The lone case cited by the defendant, *Johnson v. Statewide Collections, Inc.,* 778 P.2d 93, 99 (Wyo.1989), does not support a contrary holding. In *Johnson,* the Wyoming Supreme Court, in *dicta,* merely noted that the federal Fair Debt Collection Practices Act controls in the absence of any state law on the subject. 778 P.2d at 99. This case does not stand for the proposition that violations of more stringent state law provisions consistent with the FDCPA's purpose of protecting citizens from unscrupulous debt collectors cannot form the basis of a violation of the FDCPA.

In conclusion, this Court will grant plaintiff's motion for partial summary judgment, leaving for trial the issue of damages.