Christine WADE, f/k/a Christine
Snow, Plaintiff–Appellant,

v.

REGIONAL CREDIT ASSOCIATION,
a California corporation,
Defendant–Appellee.

No. 95–35434.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 4, 1996.

Decided July 3, 1996.

Loren C. Ipsen, J. Michael Kulchak, Ellsworth, May, Sudweeks, Stubbs, Ipsen & Perry, Boise, Idaho, for plaintiff-appellant.

Clinton O. Casey, Cantrill, Skinner, Sullivan & King, Boise, Idaho, for defendant-appellee.

Before: BROWNING, WRIGHT and T. G. NELSON, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

We must decide whether a collection agency attempting to collect a debt without obtaining a required state debt collection permit violates the Fair Debt Collection Practices Act. 15 U.S.C. §§ 1692–1692o. We find that in this case the agency's unlicensed collection activity does not violate the Act. We affirm in part and remand in part.[1]

**BACKGROUND:**

This case originally involved a relatively low dollar figure. An attorney attempted to collect $446.00 from Christine Wade for services in her divorce case in California. He referred the debt to Regional Credit Association (RCA), a Sacramento collection agency. RCA sent two collection notices to Wade at her Sacramento address and another to her subsequent address in Citrus Heights, California. She did not respond to any of these notices.

RCA learned that she had a new address in Eagle, Idaho. It did not have a permit to collect debts in Idaho, as required by Idaho law. *See* I.C. § 26–2223. It called Wade once and sent one notice to her Idaho address reading:

WHY HAVEN'T WE HEARD FROM YOU? OUR RECORDS STILL SHOW THIS AMOUNT OWING.
If not paid TODAY,
it may STOP YOU FROM OBTAINING credit TOMORROW.
PROTECT YOUR CREDIT REPUTATION.
SEND PAYMENT TODAY.
. . .

DO NOT DISREGARD THIS NOTICE. YOUR CREDIT MAY BE ADVERSELY AFFECTED. CONTACT US IMMEDIATELY.

The notice also read: "[t]his has been sent to you by a collection agency and is an attempt to collect a debt and any information obtained will be used for that purpose."

Wade responded by suing RCA, alleging that its unlicensed collection activity violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692–1692o, and Idaho's Consumer Protection Act, I.C. §§ 48–601–617. The district court denied her motion for summary judgment and granted summary judgment to RCA.

**ANALYSIS:**

Wade argues that the court erred in rejecting her FDCPA claim and erred in dismissing her state law claims. We review the summary judgment de novo. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 1261, 134 L.Ed.2d 209 (1996).

**1. The FDCPA**

The purposes of the FDCPA are "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Congress passed the Act in light of the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." *Id.* § 1692(a). It found that these practices "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.*

**2. Wade's Claims under the FDCPA**

Wade argues that RCA violated several provisions of the Act, including Section 1692e, which generally prohibits "false, deceptive or misleading" collection activities; Section 1692e(5), prohibiting threats "to take

---

1. In a separate, unpublished disposition, we affirm the district court's protective order and its award of attorneys fees to RCA.

any action that cannot legally be taken or that is not intended to be taken"; Section 1692e(10), which forbids "the use of any false representation or deceptive means to collect or attempt to collect any debt"; and Section 1692f, dealing with "unfair or unconscionable" methods of debt collection.

■ We apply the "least sophisticated debtor" standard to these allegations. *Swanson v. Southern Oregon Credit Serv., Inc.*, 869 F.2d 1222, 1227 (9th Cir.1988). For example, we shall find a violation of Section 1692e if RCA's letter and telephone call are likely to deceive or mislead a hypothetical "least sophisticated debtor." *See id.* at 1225.

■ All of Wade's claims are based on the call from California and the notice sent to Idaho without a state permit. Idaho law prohibits persons from engaging "either directly or indirectly in this state in the business of collecting or receiving payment for others of any account, bill, claim or other indebtedness" without obtaining a permit. I.C. § 26–2223(2). Although RCA may have contravened this provision, we must determine not whether RCA violated the state statute, but whether it violated the federal Act. *See Lindbergh v. Transworld Systems, Inc.*, 846 F.Supp. 175, 180 n. 28 (D.Conn. 1994). We disagree with Wade that debt collection practices in violation of state law are per se violations of the FDCPA.

Several district courts have held that out-of-state collection agencies violated these sections of the FDCPA by engaging in collection activities in a state without obtaining required state debt collection licenses. *Sibley v. Firstcollect, Inc.*, 913 F.Supp. 469, 471–72 (M.D.La.1995); *Russey v. Rankin*, 911 F.Supp. 1449, 1459 (D.N.M.1995); *Kuhn v. Account Control Technology, Inc.*, 865 F.Supp. 1443, 1451–52 (D.Nev.1994); *Gaetano v. Payco of Wisconsin, Inc.*, 774 F.Supp. 1404, 1414–15 (D.Conn.1990).

■ But we do not find that RCA violated any of the four sections of the Act. Its collection efforts,[2] although apparently in violation of state law, were innocuous and not in violation of the FDCPA. First, the collection notice was not a "threat to take action that could not legally be taken" in violation of Section 1692e(5). The body of the notice was informational, notifying Wade that failure to pay could adversely affect her credit reputation. There was no threat to sue. The least sophisticated debtor would construe the notice as a prudential reminder, not as a threat to take action.

The notice said "[t]his has been sent to you by a collection agency and is an attempt to collect a debt and any information obtained will be used for that purpose," and we find nothing threatening about that. This statement was also informational. The FDCPA expressly requires that collection notices contain such language, 15 U.S.C. § 1692e(11), and RCA would have violated the Act had it *not* included this statement.

■ Second, the notice did not violate Section 1692e or Section 1692e(10), both of which prohibit false, deceptive or misleading means of collecting debts. The notice told Wade correctly that she had an unpaid debt, and properly informed her that failure to pay might adversely affect her credit reputation. There was no false representation that RCA had the power to collect in Idaho.

■ Finally, the notice did not violate Section 1692f's prohibition against unfair or unconscionable means of collecting. The notice was relatively innocuous, and not "unconscionable" in either a legal or lay sense. In *Gaetano*, the court found that the collector's unlicensed actions violated that section because the collector "deprived the plaintiff of her right as a consumer debtor residing within the state to have the defendant's qualifications as a collection agency reviewed by state authorities." 774 F.Supp. at 1415 n. 8. If Wade was deprived of such a right, her

---

**2.** Because Wade has not recounted what the RCA representative said in the telephone call, she has not alleged specific facts which would create an issue of material fact whether there was anything deceptive, misleading, threatening, unfair or unconscionable about RCA's telephone conduct. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct.

1348, 1355–56, 89 L.Ed.2d 538 (1986) (nonmoving party in summary judgment proceedings may not rest on mere allegations of its pleadings but, rather, must come forward with "specific facts" showing that there is a genuine issue for trial). We consider only whether the call itself, together with the notice, constituted a violation of any of the provisions.

remedy lies in Idaho state law, not in Section 1692f of the FDCPA.

We conclude that there was no FDCPA violation.[3]

### 3. State Law Claims

Wade argues that the court abused its discretion by dismissing her state law claims.

■ Where a district court dismisses a federal claim, leaving only state claims for resolution, it should decline jurisdiction over the state claims and dismiss them without prejudice. *Les Shockley Racing v. Nat'l Hot Rod Ass'n,* 884 F.2d 504, 509 (9th Cir.1989). The court here granted RCA's motion for summary judgment without addressing Wade's state claims or specifying whether they were dismissed with or without prejudice. We remand to the district court to make this determination.

**AFFIRMED IN PART AND REMANDED IN PART.** The appellee will recover its costs on this appeal.

---

3. In so concluding, we find that the district court cases, which do not bind us, are either inapposite or unpersuasive. In *Gaetano,* the court accepted the plaintiff's allegations that the collector had violated the FDCPA provisions in large part because the collector did not respond to these allegations in its briefs. 774 F.Supp. at 1414–15. District Judge Ryan was not persuaded by that case, nor are we.

The *Kuhn* court, in turn, relied heavily on the reasoning of *Gaetano* and similarly noted that the collector had failed to respond to the allegations of FDCPA violations. 865 F.Supp. at 1451–52. The collector in *Kuhn* had engaged in more extensive unlicensed collection activities, sending two letters and calling the debtor at work six times in one day. *Id.* at 1449–50.

The *Russey* court summarily concluded that the collector had violated the provisions, relying on *Gaetano* and *Kuhn* and offering no independent analysis. 911 F.Supp. at 1459. The court based its decision in part on an earlier case from the district of New Mexico which held that collection activity which violates state law violates the FDCPA. *Id.* We do not agree with that holding.

The court in *Sibley* relied on *Gaetano, Kuhn* and *Russey,* offering little analysis of its own. 913 F.Supp. at 471. The court found dispositive the language in the notice informing the debtor that the notice was "an attempt to collect a debt." *Id.* As noted above, we find that this language, which the FDCPA requires in each collection notice, does not constitute a threat to take action.