**Bobby C. McKENZIE**

v.

**E.A. UFFMAN & ASSOCIATES, INC. d/b/a Collection Department, Credit Bureau of Baton Rouge.**

**Civil Action No. 95–1793–A.**

United States District Court, M.D. Louisiana.

July 30, 1996.

---

Steven Patrick Monaghan, Dennis A. Pennington, APLC, Baton Rouge, LA, for Plaintiff.

Maria Nan Alessandra, Frederick Scott Kaiser, Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, LA, for Defendant.

## RULING ON CROSS MOTIONS FOR SUMMARY JUDGMENT

JOHN V. PARKER, Chief Judge.

This matter is before the court on cross motions for summary judgment. There is no need for oral argument. Jurisdiction is based upon 28 U.S.C. § 1331 and 15 U.S.C. § 1692k.

Plaintiff, Bobby C. McKenzie, brings this action against defendant, E.A. Uffman & Associates, Inc., d/b/a Collections Department, The Credit Bureau of Baton Rouge. Plaintiff claims that defendant violated the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, et seq., by mailing him a collection letter dated October 6, 1994, demanding payment of a debt for medical services.

More specifically, plaintiff claims that defendant's use of the name "Collections Department, Credit Bureau of Baton Rouge" on the letter "creates the false implication that The Credit Bureau of Baton Rouge, a well known consumer reporting agency, is involved in the collection of the debt." By so doing, plaintiff additionally claims that defendant violated § 1692e(16) by falsely representing that it operates a credit reporting agency or that it is employed by a credit reporting agency.

Congress passed the Fair Debt Collection Practices Act to protect consumers from abusive, deceptive and unfair debt collection practices by debt collectors. 15 U.S.C. § 1692. The Act is additionally intended to insure that debt collectors who refrain from using abusive debt collections practices are not competitively disadvantaged. The parties agree that defendant is a "debt collector" and that the Credit Bureau is a "consumer reporting agency" within the meaning of the Act. It is further undisputed that the "debt" at issue falls within the coverage of the Act.

In support of its motion for summary judgment, defendant submits the deposition testimony of Glenn Uffman, the President of E.A. Uffman & Associates, Inc. His testimony establishes that defendant's predecessor (Elmer A. Uffman) acquired the rights to operate the Collections Department of the Credit Bureau of the Retail Merchants Credit Association, Inc., Baton Rouge, Louisiana (now the Credit Bureau of Baton Rouge) pursuant to an agreement dated September 22, 1948. All collection accounts were assigned, and clients referred, to Elmer Uffman in exchange for his agreeing to pay a percentage

of the gross commissions on accounts on a monthly basis. Under the agreement, the Credit Bureau provides defendant credit reporting information free of charge and defendant supplies the Credit Bureau collection information. Defendant is additionally obligated to render "honest and efficient collection service".

Glenn Uffman's testimony further reveals that defendant leases office space from the Credit Bureau in its facility. Defendant's office is located across the lobby from the Consumer Relations Department of the Credit Bureau. Information regarding accounts placed for collection with defendant is routinely supplied to the Credit Bureau "every Monday by computer tape" including new accounts placed for collection more than 45 days. Dep. p. 35. In exchange, defendant is provided credit reporting information "in a computer environment". Dep. p. 36.

Defendant routinely reports its undertakings and projects to the Board of Directors of the Credit Bureau. Dep. p. 40. While defendant still has a few of the original clients referred to it by the Credit Bureau in 1948, the Credit Bureau has not referred any accounts to defendant for decades. Dep. pp. 46–47. During the life of the 1948 agreement, the parties agreed not to compete in each other's businesses. Id.[1]

■ The first issue raised by the parties is whether defendant (by identifying itself as the "Collections Department, Credit Bureau of Baton Rouge") violated the general prohibition set forth in § 1692e against using "any false, deceptive, or misleading representation" in connection with collection of the debt. The uncontroverted evidence submitted by defendant establishes that the use of the name is not deceptive or misleading because there is an affiliation between the two entities. In short, defendant did not misrepresent its identity—defendant does in fact operate the Collections Department for the Credit Bureau of Baton Rouge.

Indeed, plaintiff does not dispute that there is a Collections Department of the Credit Bureau of Baton Rouge and that it is operated by defendant. Instead, plaintiff argues that defendant violated § 1692e(16) by misrepresenting that it was operating as a consumer reporting agency, i.e. the Credit Bureau. Plaintiff argues that a misrepresentation by a debt collector that it also operates a consumer reporting agency puts "unfound pressure" on the consumer. According to plaintiff, the consumer "may be more inclined to pay a disputed debt" if the consumer is wrongly led to believe that the debt collector "has the power to issue" the consumer's credit report.

It is undisputed that defendant does not operate or control the Credit Bureau. However, the court finds no merit to this argument because the collection letter sent to plaintiff makes no such representation. The text of the letter makes it plain to even the least unsophisticated consumer[2] that defendant is simply acting to collect a debt:

"THIS ACCOUNT HAS BEEN LISTED WITH THIS OFFICE FOR IMMEDIATE COLLECTION ... THIS NOTICE HAS BEEN SENT TO YOU BY THIS COLLECTION AGENCY ... THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE ... IF PAID IN FULL TO THIS OFFICE ALL COLLECTION ACTIVITY WILL BE STOPPED."

Any implication that a failure to pay will affect the consumer's credit rating does not constitute a violation of the Act. All consumers regardless of their degree of sophistication recognize that "a failure to pay one's bills will affect his ability to obtain credit in the future". *Wright v. Credit Bureau of Georgia, Inc.,* 555 F.Supp. 1005 (ND Ga.1983).

---

**1.** Credit Bureau is prohibited from engaging in the collection business and defendant is prohibited from engaging in credit reporting business except as approved by the Board of Directors of the Credit Bureau. Exhibit Uffman–2.

**2.** Under the jurisprudence, the least sophisticated consumer or debtor standard is generally used in connection with this determination. See, *Johnson v. Eaton,* 873 F.Supp. 1019, 1022 (MD La.1995) (citing cases), reversed in part on other grounds, 80 F.3d 148 (5th Cir.1996).

Alternatively, plaintiff argues that defendant violated § 1962e(16) by misrepresenting or implying that it is employed by the Credit Bureau. Plaintiff contends that the undisputed facts show that defendant is not employed by the Credit Bureau of Baton Rouge. According to Uffman's deposition, the Credit Bureau does not hire, fire, supervise or discipline any of defendant's employees; it does not pay them any wages or provide them any financial benefits.

Defendant argues that it is "employed" as the Credit Bureau's Collection Department pursuant to the 1948 agreement, even though its employees, finances and operations are not controlled by the Credit Bureau. Defendant essentially argues that the Act does not prohibit the Credit Bureau from hiring an independent company to run its collection department.

Whether or not there is an "employment" relationship between defendant and the Credit Bureau is material only if there was a representation (or implication) to that effect in the collection letter. The use of the name "Collections Department, Credit Bureau of Baton Rouge" definitely represents that defendant is affiliated with the Credit Bureau but it does not in and of itself give any indication as to the precise nature of the relationship. Nowhere in the body of the letter is there any indication that the Credit Bureau "employed" defendant to collect the debt as opposed to authorizing it to conduct business as the Collections Department of the Credit Bureau.

Regardless of the nature of the relationship, it is undisputed that defendant has a contractual obligation to provide collection information to the Credit Bureau and that it does so on a weekly basis. While defendant does not issue consumer credit reports itself, it is affiliated with the Credit Bureau, which routinely uses information provided by defendant to issue credit reports. Any implied threat to the consumer's credit rating is no more than the simple truth. The distinctions made by plaintiff are irrelevant. Defendant's use of the name "Collection Department, Credit Bureau of Baton Rouge" is neither abusive nor deceptive under the circumstances.

Accordingly, the motion by plaintiff for summary judgment is hereby DENIED and the defendant for summary judgment is hereby GRANTED and this action will be dismissed.