NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 23 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ATISHMA KANT; MARLENE HERNANDEZ, individuals, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 721, a labor organization; ROB BONTA, in his official capacity as Attorney General of California, <br><br> Defendants-Appellees. | No. 22-55904 <br><br> D.C. No. 5:21-cv-01153-FMO-SHK <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Submitted October 19, 2023[**]
San Francisco, California

Before: W. FLETCHER, NGUYEN, and R. NELSON, Circuit Judges.

After they resigned their union membership, Atishma Kant and Marlene

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Hernandez (plaintiffs) sued their former union Service Employees International Union Local 721 (SEIU) and Rob Bonta, the Attorney General of California. They alleged that—under laws enforced by Attorney General Bonta—their employer, the Superior Court of California, continued deducting union dues from their wages and giving those dues to SEIU in violation of their First and Fourteenth Amendment rights under *Janus v. American Federation of State, County, and Municipal Employees, Council 31*, 138 S. Ct. 2448 (2018). They also raised state contract-law claims. The district court dismissed their claims, and they appealed. We have jurisdiction under 28 U.S.C. § 1291 and review de novo. *Wright v. SEIU Loc. 503*, 48 F.4th 1112, 1118 n.3 (9th Cir. 2022) (subsequent history omitted). We affirm.

1. Plaintiffs' claims for prospective relief are moot because defendants have refunded the money at issue. Article III jurisdiction extends only to live cases and controversies. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013). But voluntary cessation only moots a claim if the defendant carries the "formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.,* 528 U.S. 167, 190 (2000).

SEIU and the Attorney General have carried that "formidable" burden. After this case was filed, SEIU told the Superior Court to stop deducting plaintiffs' wages and reimbursed the union dues that the Superior Court took after plaintiffs withdrew

2

from union membership. Under California Government Code section 1157.12, the Superior Court can only make deductions for union dues if SEIU certifies that plaintiffs authorized such deductions. Plaintiffs are unlikely to authorize such deductions again, and the deductions are therefore unlikely ever to resume. Attorney General Bonta is entitled to a presumption of regularity and there is no evidence that he would violate California law by certifying to the Superior Court that plaintiffs reauthorized deductions. *See United States v. Chem. Found., Inc.*, 272 U.S. 1, 14–15 (1926). Even if plaintiffs did reauthorize deductions at some future point, the task of telling the Superior Court to resume those deductions falls to SEIU, not the Attorney General.

2. Plaintiffs cannot bring retrospective section 1983 claims against SEIU. SEIU did not act as a state actor when it relied on plaintiffs' authorizations to deduct union dues from their wages. Section 1983 liability attaches to private action if the private conduct was "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). That requirement is not met here. *See Belgau v. Inslee*, 975 F.3d 940, 946–47 (9th Cir. 2020).

*Belgau* is not distinguishable because plaintiffs are challenging the Superior Court's decision to enter the memorandum of understanding with SEIU. When plaintiffs joined SEIU, they agreed to be "bound by the Constitution and Bylaws of the Union and by any contracts that may be in existence at the time of application or

3

that may be negotiated by the Union." While California contract law might address the legality of such a contract, a union entering into a contract with a government employer does not engage in state action.

3. Sovereign immunity bars the retroactive claims for nominal and compensatory damages against Attorney General Bonta. Parties can sue state officers with "some connection with the enforcement of" a challenged law for prospective and declaratory relief. *Snoeck v. Brussa*, 153 F.3d 984, 986 (9th Cir. 1998). However, "state sovereign immunity protects state officer defendants sued in federal court in their official capacities from liability in damages, including nominal damages." *Platt v. Moore*, 15 F.4th 895, 910 (9th Cir. 2021). Plaintiffs do not argue that sovereign immunity has been waived or abrogated. The Eleventh Amendment thus bars their claims for damages against the Attorney General.

4. The district court properly declined to exercise supplemental jurisdiction and dismissed the state contract-law claims without prejudice after it dismissed the federal claims against SEIU and Attorney General Bonta. *See Wade v. Reg'l Credit Ass'n*, 87 F.3d 1098, 1101 (9th Cir. 1996).

**AFFIRMED.**

4