**Ronald ADAMS, Plaintiff—Appellant,**

v.

**COASTLINE COMMUNITY CREDIT UNION; et al., Defendants—Appellees.**

No. 05–55909.

D.C. No. CV–04–00211–DT.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2006.*

Decided March 16, 2006.

Ronald Adams, Wasco, CA, pro se.

Vanessa S. Davila, Esq., Anderson McPharlin & Conners, LLP, Los Angeles, CA, for Defendants–Appellees.

Before CANBY, BEEZER, and KOZINSKI, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

MEMORANDUM **

Ronald Adams appeals pro se from the district court's order dismissing his civil rights action brought under 42 U.S.C. § 1983, and dismissing his related state law claims. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's dismissal for failure to state a claim, *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir.1997), and we review for abuse of discretion the denial of leave to amend, *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir.2000) (en banc). We affirm.

The district court properly dismissed Adams' federal civil rights claim because Adams failed to allege sufficient facts to demonstrate that appellees' repossession of his automobile involved state action. *See Adams v. S. Cal. First Nat'l Bank*, 492 F.2d 324, 329 (9th Cir.1974) (prejudgment self-help repossession of secured property performed by private actors, as authorized under the California Commercial Code, does not establish a federal cause of action pursuant to section 1983 absent "significant involvement" of the state). Adams does not dispute that the police were uninvolved in the initial attempt to repossess his automobile, and only arrived after he resisted the first repossession attempt and fled the scene. Appellees' succeeding repossession of Adams' automobile was not done under color of state law merely because the police were present. *See Meyers v. Redwood City*, 400 F.3d 765, 771–72 (9th Cir.2005).

A district court should grant leave to amend, even if no request is made, unless it determines that the pleading could not possibly be cured by the allegation of other facts. *See Lopez*, 203 F.3d at 1127. Under these circumstances, Adams' complaint cannot be cured by amendment, and so the district court did not abuse its discretion in dismissing Adams' civil rights claim with prejudice. *See id.* at 1129.

Because Adams' only federal claim was properly dismissed, the district court did not err by declining to exercise jurisdiction over Adams' state law claims, and we construe the dismissal of these state law claims to be without prejudice. *See Wade v. Reg'l Credit Ass'n.*, 87 F.3d 1098, 1101 (9th Cir.1996).

Adams' remaining contentions lack merit.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

