MEMORANDUM *
Kevin R. Smith appeals the district court’s adverse grant of summary judgment in his action against United Parcel Service, Inc. (“UPS”) alleging violations of federal and state law. Smith also appeals the district court’s denial of his motions to strike affidavit evidence and to impose sanctions for spoliation of evidence. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part, reverse in part, and remand.[1]
I
“In order to prevail in a Title VII case, the plaintiff must establish a prima facie case of discrimination. If the plaintiff succeeds in doing so, then the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its allegedly discriminatory conduct. If the defendant provides such a reason, the burden shifts back to the plaintiff to show that the employer’s reason is a pretext for discrimination.” Vasquez v. Cnty. of L.A., 349 F.3d 634, 640 (9th Cir.2004). “A plaintiff can show pretext directly, by showing that discrimination more likely motivated the employer, or indirectly, by showing that the employer’s explanation is unworthy of credence.” Id. at 641. “To show pretext using circumstantial evidence, a plaintiff must put forward specific and substantial evidence challenging the credibility of the employer’s motives.” Id. at 642. Here, the district court gave summary judgment to UPS on Smith’s Title VII discrimination claim based on its conclusion that, even if Smith could make out a prima facie case for discrimination, UPS had provided a legitimate, non-pretextual reason for its decision not to reinstate Smith. We agree. The district court’s determination that UPS’s reason for not reinstating Smith— namely, that a panel composed of union and UPS representatives reasonably concluded that Smith was the aggressor in a fight with a fellow employee — was legitimate and that Smith did not show that it was a pretext for discrimination.
It is significant for our evaluation that, at his panel-level hearing, Smith did not allege or present evidence that his termination was race-based. Similarly, when complaining about harassment, he did not say it was based on race. And also, when filing his grievance about his termination, he did not suggest discrimination based on *626 race. Nor has he shown any evidence that the union or UPS representatives at his panel-level hearing had or disclosed racial bias. The panel’s decision not to reinstate Smith after concluding that Smith was the aggressor was a reasonable or permissible conclusion, even if it could be challenged factually, and there is no evidence that UPS has reinstated any non-African-American employees after they were reasonably deemed to be an aggressor. Because the panel was justified in deciding that Smith was the aggressor based on the evidence before it, Smith cannot show that panel’s decision is unworthy of credence or more likely than not motivated by discriminatory animus. The district court correctly granted summary judgment for UPS on the Title VII claim.
II
The district court erred, however, in concluding that Smith’s claims for negligent supervision and training were preempted by § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. In his complaint, Smith contends that UPS owed him a duty to supervise its employees properly, to exercise due care to prevent harm to him from its employees, and to train its employees to comply with the law. He claims that UPS breached that duty by, among other things, failing to respond to his complaints of harassment, and that UPS’s breach proximately caused him “harm, threat of harm, fear, anxiety, harassment and retaliation.” Because these state law claims concern only common law duties and involve conduct that took place before Smith’s participation in the union grievance process, they do not directly implicate the collective-bargaining agreement and are not preempted by § 301.
Congress enacted § 301 to ensure that “doctrines of federal labor law uniformly ... prevail over inconsistent local rules.” Local 174, Teamsters v. Lucas Flour Co., 369 U.S. 95, 104, 82 S.Ct. 571, 7 L.Ed.2d 593 (1962). Accordingly, “the pre-emption rule has been applied only to assure that the purposes animating § 301 will be frustrated neither by state laws purporting to determine questions relating to what the parties to a labor agreement agreed ..., nor by parties’ efforts to renege on their arbitration promises by relabeling as tort suits actions simply alleging breaches of duties assumed in collective-bargaining agreements.” Livadas v. Bradshaw, 512 U.S. 107, 122-23, 114 S.Ct. 2068, 129 L.Ed.2d 93 (1994) (internal quotation marks and citation omitted). Section 301 “preempts only claims founded directly on rights created by collective-bargaining agreements, and also claims substantially dependent on analysis of a collective-bargaining agreement.” Cramer v. Consol. Freightways, Inc., 255 F.3d 683, 689 (9th Cir.2001) (en banc) (internal quotation marks omitted). A “claim is not preempted so long as it may be litigated without reference to” the collective-bargaining agreement, and preemption is not appropriate where the court must simply “look to” a collective-bargaining agreement “to discern that none of its terms is reasonably in dispute.” Id. at 690, 692.
Contrary to the district court’s conclusion on which its preemption holding was premised, in our view, Smith’s negligent training and supervision claims do not require consideration of the applicable collective-bargaining agreement. First, the harm alleged by Smith is not his ultimate termination — the review of which might implicate the collective-bargaining agreement — but rather the harassment, fear, and anxiety that Smith claims to have experienced in the months preceding his termination and that UPS allegedly did not prevent despite Smith’s complaints. Sec *627 ond, the UPS employees whose conduct allegedly harmed Smith were the managers who did not respond to Smith’s concerns about harassment. Because UPS managers are not covered by any collective-bargaining agreement, it is not necessary to refer to such an agreement to assess Smith’s negligent supervision and training claims. Because Smith’s fact-intensive state law claims are not preempted, we reverse and remand for the district court to exercise its discretion in deciding whether to assess the merits of Smith’s state law claims or to “decline jurisdiction over the state claims and dismiss them without prejudice.”[2] See Wade v. Reg’l Credit Ass’n, 87 F.3d 1098, 1101 (9th Cir. 1996).
Ill
Federal Rule of Civil Procedure 26(e)(1) requires a party to supplement or correct its interrogatory responses upon learning that they are incomplete or incorrect. If a party fails to supplement a response where required, “that party is not allowed to use that information ... to supply evidence on a motion, at a hearing, or at trial, unless the failure ... is harmless.” Fed.R.Civ.P. 37(c)(1). Smith contends that the district court erred in denying his motion to strike evidence that a particular UPS employee received Title VII-related training, information that UPS submitted with its summary judgment motion but had not disclosed in response to Smith’s interrogatories. The district court concluded that UPS’s failure to supplement its interrogatory responses was harmless because UPS supplied Smith with relevant training guides and policies in its initial disclosures, and Smith, who bears the burden to show a lack of training, did not depose the UPS employee about his training. We hold that the district court did not abuse its discretion in denying Smith’s motion to strike on these grounds. See El Pollo Loco, Inc. v. Hashim, 316 F.3d 1032, 1038 (9th Cir.2003) (stating standard of review).
IV
Nor did the district court abuse its discretion in declining to impose sanctions on UPS for its alleged willful spoliation of evidence. See Merrick v. Paul Revere Life Ins. Co., 500 F.3d 1007, 1014 (9th Cir.2007) (stating standard of review). The district court did not clearly err in finding that UPS lacked a culpable state of mind, a predicate finding to its exercise of inherent authority to impose sanctions. See id.; Unigard Sec. Ins. Co. v. Lakewood Eng’g & Mfg. Corp., 982 F.2d 363, 368 n. 2 (9th Cir.1992) (observing that a district court may impose sanctions upon a finding of wilfulness, fault, or bad faith on the part of the offending party). UPS was under no duty to maintain the minutes Smith requested. Rather, as the district court found, the minutes are produced and maintained by the union, who simply sends a copy to UPS so the company may review them for accuracy before the minutes are approved at the next month’s panel-level meeting. There is therefore no evidence that UPS had a culpable state of mind when it destroyed its copy of the minutes, an action it takes in the usual course.
Moreover, UPS destroyed its evidence before Smith made any allegation that *628 might have alerted UPS to its potential relevance, and “[a] party’s destruction of evidence qualifies as willful spoliation if the party has some notice that the documents were potentially relevant to the litigation before they were destroyed.” Leon v. IDX Sys. Carp., 464 F.3d 951, 959 (9th Cir.2006) (internal quotation marks and emphasis omitted). That Smith did not seek the allegedly spoliated evidence from the union and that the evidence does not appear to assist Smith’s case also support our conclusion that the district court’s denial of sanctions was not an abuse of discretion. See Medical Lab. Mgmt. Consultants v. ABC, 306 F.3d 806, 825 (9th Cir. 2002) (noting that the availability of other evidence and the plaintiffs failure to pursue it “formed proper bases for the district court’s exercise of its discretion” in declining to impose sanctions for spoliation).
Each party shall bear its own costs on appeal.
AFFIRMED in part, REVERSED in part, and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

. Because the facts are known to the parties, we repeat them only as necessary to explain our decision.

. Smith will be able to refile his claims in state court if the district court, on remand, elects to dismiss them for lack of subject matter jurisdiction. See Nev.Rev.Stat. § 11.500 ("[I]f an action that is commenced within the applicable period of limitations is dismissed because the court lacked jurisdiction over the subject matter of the action, the action may be recommenced in the court having jurisdiction within: (a) The applicable period of limitations; or (b) Ninety days after the action is dismissed, whichever is later.").