**Richard D. RIDING, Plaintiff,**

v.

**CACH LLC and Mandarich Law Group LLP, Defendants.**

**No. CV 13–01622 RSWL (SPx).**

United States District Court, C.D. California.

Jan. 17, 2014.

Crosby Scott Connolly, Hyde and Swigart, San Diego, CA, for Plaintiff.

Elizabeth Grace Sutlian, Mandarich Law Group LLP, Woodland Hills, CA, Neil Matthew Sholander, Law Office of Neil M. Sholander, Santa Ana, CA, Nicole M. Strickler, Messer and Stilp Ltd., Chicago, IL, for Defendants.

**ORDER RE: DEFENDANTS CACH LLC AND MANDARICH LAW GROUP LLP'S MOTION TO DISMISS [24]**

RONALD S.W. LEW, Senior District Judge.

Currently before the Court is Defendant Cach LLC's ("Defendant Cach") and Defendant Mandarich Law Group, LLP's ("Defendant Mandarich," collectively, "Defendants") Motion to Dismiss [24]. The Court, having reviewed all papers submitted pertaining to this Motion, **NOW FINDS AND RULES AS FOLLOWS:**

The Court **GRANTS in part and DENIES in part** Defendants' Motion to Dismiss.

## I. BACKGROUND

Richard D. Riding ("Plaintiff") is a senior citizen whose sole income is social security benefits. First Amended Complaint ("FAC") ¶ 17. Sometime before February 4, 2013, Plaintiff allegedly incurred certain personal financial obligations to Wells Fargo bank, N.A. ("Wells Fargo"). *Id.* at ¶ 21. Thereafter, Plaintiff allegedly fell behind in the payments owed on the alleged debt. *Id.* at ¶ 23. Defendant Cach, a debt collector, retained Defendant Mandarich to proceed with legal action against Plaintiff for the collection of Plaintiff's alleged financial obligations. *Id.* at ¶ 24.

On or about February 4, 2013, Defendant Mandarich sent Plaintiff a letter alleging that Plaintiff owed Defendants $20,706.68. *Id.* at ¶¶ 25–26. Subsequently, but prior to April 11, 2013, Defendants began calling Plaintiff at his home, whereby Defendants would allegedly yell into the telephone, use abusive language, and make accusations that Plaintiff owed Defendants payments on the alleged debt of $20,706.68. *Id.* at ¶¶ 30–31, 35. Pursuant to the instructions of Defendant Cach, Defendant Mandarich, in the name of Cach, filed a state collection case against Plaintiff in the Superior Court of Riverside based on Plaintiff's consumer account that was allegedly in default.[1] *Id.* at ¶ 36 ("State Court Action").

On or about April 15, 2013, Defendants served Plaintiff with a summons and complaint in the State Court Action. On or about April 18, 2013, Plaintiff contacted Defendant Mandarich by telephone and spoke with a representative for Defendant Mandarich, Amanda Wells ("Ms. Wells"), to whom he explained that he never had a Wells Fargo account. *Id.* at ¶ 42. Ms. Wells allegedly told Plaintiff that he owed the money, that he had to pay the money to avoid being sued, and that she was going to place a lien on Plaintiff's home if he did not pay the debt. *Id.* at ¶¶ 43–44.

Upon providing Ms. Wells his social security number and date of birth, Ms. Wells allegedly declared that Plaintiff was the incorrect party that Defendants were suing, that he no longer needed to be concerned about the debt, and that Defendants would stop pursuing Plaintiff for the debt in the State Court Action. *Id.* at ¶¶ 46–47. On or about April 29, 2013, Plaintiff again spoke with Ms. Wells, who allegedly confirmed that Plaintiff was not the party that Defendants were suing. *Id.* at ¶¶ 50–53.

However, Defendants continued to pursue the State Court Action against Plaintiff. On June 6, 2013, Defendants mailed a letter to Plaintiff, alleging that Plaintiff owed the debt in question, and that Plaintiff "failed to respond" after Plaintiff was served with the lawsuit. *Id.* at ¶¶ 64–65. However, Plaintiff alleges that Defendants had specifically told him that he did not need to respond, should not respond, and to return the summons and complaint. *Id.* at ¶ 66.

On June 11, 2013, Defendants filed a request for entry of default judgment against Plaintiff in the amount of $22,996.71 in the State Court Action. *Id.* at ¶¶ 54–55. The state court entered default judgment against Plaintiff on June 18, 2013. Request for Judicial Notice ("RJN"), Ex. B. Defendants have not dismissed the default. FAC ¶ 69. Based on the above, Plaintiff argues that Defendant has violated the Fair Debt Collection Prac-

---

**1.** Defendants' April 11, 2013 state lawsuit against Plaintiff alleges that Plaintiff opened a Wells Fargo account, used the account, and then defaulted on said account. *Id.* at ¶ 37.

tices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.—specifically pointing out violations of §§ 1692d, 1692e, and 1692f. Plaintiff seeks actual and statutory damages, costs of litigation and reasonable attorneys' fees [8].

Plaintiff filed the instant Action on July 1, 2013 in the United States District Court for the Southern District of California [1]. Plaintiff filed a FAC on September 3, 2013 [8]. This Action was transferred to the Central District on September 9, 2013 [12]. Defendants filed the instant Motion to Dismiss on October 11, 2013 [24]. This matter was taken under submission on November 26, 2013 [32].

## II. LEGAL STANDARD

### A. *Motion to Dismiss Pursuant to Rule 12(b)(6)*

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of one or more claims if the pleading fails to state a claim upon which relief can be granted. Dismissal can be based on a lack of cognizable legal theory or lack of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir.1988). However, a party is not required to state the legal basis for its claim, only the facts underlying it. *McCalden v. Cal. Library Ass'n,* 955 F.2d 1214, 1223 (9th Cir.1990), *cert. denied,* 504 U.S. 957, 112 S.Ct. 2306, 119 L.Ed.2d 227 (1992). In a Rule 12(b)(6) motion to dismiss, a court must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the non-moving party. *Klarfeld v. United States,* 944 F.2d 583, 585 (9th Cir.1991).

The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of its claim. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 583, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 555, 127 S.Ct. 1955 (internal citation omitted). Although specific facts are not necessary if the complaint gives the defendant fair notice of the claim and the grounds upon which the claim rests, a complaint must nevertheless "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (internal quotation marks omitted).

If dismissed, a court must then decide whether to grant leave to amend. The Ninth Circuit has repeatedly held that a district court should grant leave to amend even if no request to amend the pleadings was made, unless the court determines that the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir.2000). The court has discretion to deny leave to amend where deficiencies cannot be cured. *Keniston v. Roberts,* 717 F.2d 1295, 1300 (9th Cir.1983).

### B. *Motion to Dismiss Pursuant to Rule 12(b)(1)*

Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss claims over which it lacks proper subject matter jurisdiction. A court is free to determine jurisdiction on a motion to dismiss for lack of jurisdiction under Rule 12(b)(1) "unless the jurisdictional issue is inextricable from the merits of a case." *Kingman Reef Atoll Invs., L.L.C. v. United States,* 541 F.3d

1189, 1195 (9th Cir.2008) (citing *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987)).

"[U]nlike a Rule 12(b)(6) motion, in a Rule 12(b)(1) motion, the district court is not confined to the four corners of the complaint—it may consider facts and need not assume the truthfulness of the complaint[,]" and the existence of disputed material facts will not preclude the court from evaluating the existence of subject matter jurisdiction. *Americopters, LLC v. Fed. Aviation Admin.*, 441 F.3d 726, 732 n. 4 (9th Cir.2006); *see also Ass'n of Am. Med. Colls. v. United States*, 217 F.3d 770, 778 (9th Cir.2000). The moving party "should prevail [on a motion to dismiss] only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Casumpang v. Int'l Longshoremen's & Warehousemen's Union*, 269 F.3d 1042, 1060–61 (9th Cir.2001) (internal citations omitted); *Tosco Corp. v. Cmts. for a Better Env't*, 236 F.3d 495, 499 (9th Cir.2001), overruled on other grounds by, *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S.Ct. 1181, 175 L.Ed.2d 1029 (2010).

## III. ANALYSIS

### A. *Defendants' Request for Judicial Notice*

Defendants request that this Court take judicial notice of (1) a copy of the summons and complaint dated April 11, 2013 in the State Court Action, and (2) a copy of the judgment dated June 18, 2013 in the State Court Action. *See* RJN.

Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir.2001). Further, a trial court must take judicial notice of facts "if requested by a party and supplied with the necessary information." Fed.R.Evid.

201(d). A fact is appropriate for judicial notice only if it is not subject to reasonable dispute in that it is (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed.R.Evid. 201(b).

As Defendants have provided the Court with the necessary information regarding these documents and because these documents are not subject to reasonable dispute and are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, this Court **GRANTS** Defendants' request for judicial notice.

### B. *Defendants' Motion to Dismiss*

#### 1. *Rooker–Feldman Doctrine*

The Rooker–Feldman doctrine is a well-established jurisdictional rule that prevents federal courts from second-guessing state court decisions by barring the lower federal courts from hearing de facto appeals from state-court judgments. *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 858–59 (9th Cir.2008). A challenge under the Rooker–Feldman doctrine is a challenge for lack of subject-matter jurisdiction and may be raised at any time by either party or sua sponte by the court. *Fleming v. Gordon & Wong Law Group, P.C.*, 723 F.Supp.2d 1219, 1222 (N.D.Cal. 2010) (citing *Olson Farms, Inc. v. Barbosa*, 134 F.3d 933, 937 (9th Cir.1998)).

While the clearest case for dismissal based on the Rooker–Feldman doctrine occurs when a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, (*Reusser*, 525 F.3d at 859 (citing *Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir.2007) (internal quotation

marks omitted))), the Rooker–Feldman may also apply where the parties do not directly contest the merits of a state court decision. *Id.* (citing *Kougasian v. TMSL, Inc.,* 359 F.3d 1136, 1139 (9th Cir.2004)). Rather, the doctrine also "prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Id.*

 A federal action constitutes such a de facto appeal where "claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." *Id.* (citing *Bianchi v. Rylaarsdam,* 334 F.3d 895, 898 (9th Cir.2003)). In such circumstances, "the district court is in essence being called upon to review the state court decision." *Id.* (citing *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 483 n. 16, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983)); *see also Doe & Assoc. v. Napolitano,* 252 F.3d 1026, 1030 (9th Cir.2001) ("Where the district court must hold that the state court was wrong in order to find in favor of the plaintiff, the issues presented to both courts are inextricably intertwined."). Further, in analyzing the Rooker–Feldman doctrine, the Court "cannot simply compare the issues involved in the state-court proceeding to those raised in the federal-court plaintiff's complaint." *Dexter v. Tran,* 654 F.Supp.2d 1253, 1259 (D.Wash.2009) (citing *Bianchi,* 334 F.3d at 900). Rather, the district court must pay close attention to the relief sought by the federal-court plaintiff. *Id.*

 Thus, Rooker–Feldman "applies only when the federal plaintiff both asserts as her injury legal error or errors by the state court and seeks as her remedy relief from the state court judgment." *Vacation Village, Inc. v. Clark County, Nev,* 497 F.3d 902, 910 (9th Cir.2007) (citing *Kougasian v. TMSL, Inc.,* 359 F.3d 1136, 1140 (9th Cir.2004)).

In *Williams v. Cavalry Portfolios Servs., LLC,* a defendant filed a debt collection lawsuit against a plaintiff in state superior court. No. SACV 10–00255 JVS (ANx), 2010 WL 2889656, at *1 (C.D.Cal. July 20, 2010). Because the plaintiff failed to respond, the state court entered default judgment against him, which the plaintiff never moved to set aside. *Id.* Thereafter, the plaintiff filed an action in federal court, alleging that defendant violated § 1692e(5), § 1692e(2)(A), § 1692e(8), and § 1692f of the FDCPA by "seeking a judgment against Plaintiff through a lawsuit which she had never been served with," and by "attempting to collect a debt from Plaintiff that was not his, despite proof that his identity had been stolen." *Id.* at *2–*3. The court determined the claims were barred by the Rooker–Feldman doctrine, because "[b]y way of default judgment, the state court found that Plaintiff ... is liable for the debt" and was a losing party in state court. *Id.* at *3–*4. The court held that in order to prevail on his FDCPA claims, the plaintiff must prove that he was not liable for the debt, but that such a finding would undermine the state court default judgment. *Id.* at *4. Thus, the court found that plaintiff's claims were barred by Rooker–Feldman. *Id.* However, the court acknowledged that claims which challenge the method in which defendants attempt to collect a debt are immune from Rooker–Feldman. *Id.* at *5.

In *Dexter,* a money judgment was entered against the plaintiff in state court, and the plaintiff sought statutory damages in federal court for defendant's conduct in bringing the state court lawsuit. 654 F.Supp.2d at 1260. The court noted that

the plaintiff was not asserting as his injury legal errors by the state court and was not seeking relief from the state court judgment. *Id.* Thus, the court held that the Rooker–Feldman Doctrine did not preclude plaintiff's claims in federal court. *Id.*

Here, Plaintiff alleges that Defendants violated several provisions of the FDCPA. Specifically, he argues that:

- 1) Defendants sent Plaintiff a letter alleging that he owed them $20,706.68 when the debt did not belong to him, in violation § 1692e, § 1692e(10), and § 1692f(1) (FAC ¶¶ 27–29);

- 2) Defendants would call Plaintiff and demand payment using abusive language, in violation of § 1692d and § 1692d(2) (*Id.* at ¶¶ 31–33);

- 3) Defendants failed to provide Plaintiff the notice required by § 1692e(11) (*Id.* at ¶ 35);

- 4) Defendant told Plaintiff that he owed the money and had to pay the debt to prevent from being sued, in violation of § 1692e and § 1692f(1) (*Id.* at ¶¶ 41–43);

- 5) Defendants threatened to place a lien on Plaintiff's home if he did not pay the debt, in violation of § 1692e(5) (*Id.* at ¶¶ 44–45);

- 6) Defendants filed a request for entry of default judgment against Plaintiff in the amount of $22,996.71, in violation of § 1692f(1), § 1692e(5) and § 1692e(10) (*Id.* at ¶¶ 55–58);

- 7) Defendants told Plaintiff he did not need to respond to the lawsuit filed in the state court, in violation of § 1692e(10) (*Id.* at ¶¶ 65–67); and

- 8) Defendants stated in a February collection letter that Plaintiff owed $20,706.68 when they later demanded only $20,427.13 in the state lawsuit in violation of 1692f(1) (FAC ¶¶ 38, 60).

■ The Court notes that Plaintiff provides different grounds as the basis for his FDCPA claims. Specifically, Plaintiff's FDCPA §§ 1692d, 1692e, and 1692f claims are based on (1) Defendants' pursuit of payment for a debt incurred by Plaintiff, which Plaintiff maintains he never incurred, and (2) Defendants' alleged use of improper collection methods to collect that debt. As to the first ground—Plaintiff alleges that Defendants violated §§ 1692e, 1692e (10), and 1692f(1) when they demanded that Plaintiff pay $20,706.68 for a debt that Plaintiff never incurred. *See* FAC ¶¶ 27–29. However, the state court, by issuing a default judgment against Plaintiff, already determined that Plaintiff was liable for that debt. *See Williams,* 2010 WL 2889656, at *3. If this Court were to hold otherwise, it would undercut the state court ruling. *See id.* Thus, to the extent that Plaintiff's FDCPA claims are premised on the proposition that Plaintiff is not liable for the debt, the Court finds that those claims are barred by the Rooker–Feldman Doctrine. *See id.*

■ However, to the extent that Plaintiff's §§ 1692d, 1692e, and 1692f claims are premised on the proposition that Defendants employed improper collection methods, the Court finds that those claims are *not* barred by the Rooker–Feldman Doctrine. *See Lange v. CIR Law Offices,* Civil No. 09cv1485–CAB, 2010 WL 2524089, at *2, f.1 (S.D.Cal. June 10, 2010) (finding no jurisdictional bar under the Rooker–Feldman Doctrine to a plaintiff's FDCPA claim because the plaintiff only sought determination that the method of collection engaged in by defendant was unfair). Specifically, Plaintiff alleges that Defendants (1) called Plaintiff and demanded payment using abusive language (in violation of § 1692d(2)), (2) told Plaintiff that he did

not need to respond to the lawsuit filed in the state court (in violation of § 1692e(10)), (3) failed to provide notice of the debt (in violation of § 1692e(11)), and (4) stated in a February collection letter that Plaintiff owed $20,706.68 when they later demanded only $20,427.13 in the state lawsuit (in violation of § 1692f (1)).

■ A plaintiff may successfully assert FDCPA claims even if found liable for a debt. *Williams*, 2010 WL 2889656, at *4. Here, Plaintiff seeks a determination that the method of collection engaged in by Defendants was unfair. Under these circumstances, the Court finds no jurisdictional bar to considering Plaintiff's claims. *See Lange*, 2010 WL 2524089, at *2, f.1.

Further, Plaintiff does not seek to set aside the state court judgment in his prayer for relief. Rather, Plaintiff seeks an award of actual and statutory damages, along with costs of litigation and reasonable attorneys fees. Moreover, Plaintiff does not assert as his injury any specific legal errors by the state court and is not seeking relief from the state court judgment. Because Plaintiff is not seeking to overturn the money judgment that was entered against him in state court and does not assert that any legal errors by the state court caused him injury, the Rooker–Feldman Doctrine does not preclude Plaintiff's claims premised on Defendants' alleged improper collection methods. *See Dexter*, 654 F.Supp.2d at 1260.

Accordingly, the Court finds that Plaintiff's FDCPA claims based on Defendants' improper collection methods, pursuant to §§ 1692d, 1692d(2), 1692e(10), 1692e(11) and § 1692f(1) are not barred by the Rooker–Feldman Doctrine.

2. *Plaintiff's § 1692(d) and § 1692(d)(2) claims*

Section 1692d proscribes debt collectors from engaging "in conduct the natural con-sequence of which is to harass, oppress, or abuse any person[.]" 15 U.S.C. § 1692d; *Skinner v. Green Tree Servicing LLC*, No. 3:12–cv–03834–JCS, 2012 WL 6554530, at *6 (N.D.Cal. Dec. 14, 2012). Section 1692d contains a nonexhaustive list of specific conduct which constitutes a violation of the section, such as the "use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader." *Id.* (citing 15 U.S.C. § 1692d(2)).

A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* (citing *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955).

■ Here, the Court finds that the allegations in the Complaint fail to support Plaintiff's § 1692d(2) claim. Rather, the allegations appear to constitute a mere "formulaic recitation of the elements of a cause of action," and is insufficient to state a claim for relief. *See Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. Specifically, Plaintiff makes conclusory statements that in each of Defendants' telephone calls, Defendants would "yell into the telephone accusations that Plaintiff owed Defendants payment on the alleged debt, and used abusive language, the natural consequence of which was to abuse." FAC ¶¶ 30–32. Such naked assertions, devoid of "further factual enhancement," are insufficient to state a claim under § 1692d(2). Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's § 1692d claims.

The Ninth Circuit has repeatedly held that a district court should grant leave to amend even if no request to amend the pleadings was made, unless the court determines that the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir.2000). Because it appears that the pleadings could be cured by the allegation of other facts, the Court **GRANTS** Defendants' Motion to Dismiss Plaintiff's § 1692d claims with leave to amend.

### 3. *Plaintiff's § 1692e(5) claim*

Section 1692e(5) proscribes a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken. 15 U.S.C. § 1692e(5). Plaintiff alleges that Defendants violated § 1692e(5) by (1) filing a request for entry of default judgment against Plaintiff in the State Court Action (FAC ¶¶ 55, 57) and (2) threatening to place a lien on Plaintiff's home if he did not pay the debt. *Id.* at ¶¶ 44–45. Based on the Complaint, it appears that Plaintiff's § 1692e(5) cause of action is premised on Plaintiff's contention that he never owed the debt to begin with. *See id.* at ¶¶ 42–45. However, to make a finding that Plaintiff never owed the debt would undermine the state court judgment because the state court held that Plaintiff was liable for the debt. *See Williams*, 2010 WL 2889656, at *3. As discussed above, the Rooker–Feldman Doctrine prevents this Court from exercising subject matter jurisdiction over claims which would require the Court to undermine the state court judgment. *See id.* As such, the Court finds that Plaintiff's § 1692e(5) claim is barred by the Rooker–Feldman doctrine and **GRANTS** Defendant's Motion to Dismiss this claim. Further, because the Court finds that it has no subject matter jurisdiction over Plaintiff's § 1692e(5) claim, the Court **GRANTS** De-

fendant's Motion to Dismiss this claim without leave to amend.

### 4. *Plaintiff's § 1692e(10) claim*

Under 15 U.S.C. § 1692e(10), the "use of any false representation or deceptive means to collect or attempt to collect any debt" from a consumer is prohibited. *Kachlic v. Bursey & Associates, P.C.*, No. CV–12–1111–PHX–JAT, 2013 WL 820375, at *4 (D.Ariz. Mar. 5, 2013). The standard for determining whether a communication is deceptive or misleading under § 1692e(10) is whether the "least sophisticated consumer" could have been deceived or misled. *Isham v. Gurstel, Staloch & Chargo, P.A.*, 738 F.Supp.2d 986, 995 (D.Arizona 2010) (citing *Wade v. Reg'l Credit Ass'n*, 87 F.3d 1098, 1100 (9th Cir. 1996)). To answer this inquiry, the Ninth Circuit adopted a "materiality" approach, meaning that "false but nonmaterial representations are not likely to mislead the least sophisticated consumer and therefore are not actionable under §§ 1692e or 1692f." *Id.* (citing *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir. 2010)). In other words, the alleged falsity of a statement must actually distort the consumer's perception, not a minor technical glitch that even the least sophisticated consumer could understand. *Id.*

Here, Plaintiff alleges that Defendants violated § 1692e(10) by telling Plaintiff he did not need to respond to the state court lawsuit. Specifically, Plaintiff alleges that Defendants told him that he no longer needed to be concerned about the debt and that they would stop pursuing Plaintiff for the debt. FAC ¶ 48. Thereafter, Plaintiff alleges that he promptly returned the summons to Defendant Mandarich's office. *Id.* at ¶ 49. Plaintiff asserts that he again contacted Defendant Mandarich, and Ms. Wells assured him

that he was not the party that Defendants were suing, and that Plaintiff's address would be removed from Defendants' file. *Id.* at ¶ 53. Thus, Plaintiff alleges that Defendants had specifically told him that he did not need to respond, should not respond, and to return the summons and complaint. *Id.* at ¶ 66.

On June 6, 2013, Defendants sent Plaintiff a letter and alleged that he owed the debt and that he failed to respond after Plaintiff was served with the lawsuit. FAC ¶ 64–65. On June 11, 2013, Defendants filed a request for entry of default judgment against Plaintiff in the State Court Action. FAC ¶ 55. However, based on the allegations in the FAC, it appears that Plaintiff believed he did not need to take any action in the State Court Action because he was repeatedly assured by Defendants that he did not need to respond to the lawsuit. Further, the allegations in the FAC support a finding that the "least sophisticated consumer" could have been deceived or misled from Defendants' statements indicating that Plaintiff did not need to respond to the lawsuit because they contacted the wrong person. Plaintiff provides sufficient facts to suggest that Defendants may have used false or deceptive means to collect a debt by telling Plaintiff he did not need to respond to the lawsuit, and then subsequently requesting entry of default in the State Court Action after Plaintiff failed to respond. Thus, taking all allegations in the FAC as true, and drawing all reasonable inferences in favor of the non-moving party, the Court finds that Plaintiff has successfully stated facts to support a claim for violation of § 1692e(10) and **DENIES** Defendant's Motion to Dismiss this claim.

### 5. *Plaintiff's § 1692e(11) claim*

In the initial written or oral communication with a debtor, § 1692e(11) requires the debt collector to include a statement that it "is attempting to collect a debt and that any information obtained will be used for that purpose." 15 U.S.C. § 1692e(11). Subsection 1692e(11) also requires that, in any "subsequent communication," the debt collector must disclose "that the communication is from a debt collector." *Id.*

Here, Plaintiff argues that Defendants called him several times, claiming that Plaintiff owed them $20,706.68, but that Defendants failed to provide Plaintiff notice required by § 1692e(11). FAC ¶ 35. Such notice requires that Defendants disclose that they were debt collectors, that they are attempting to collect a debt, and that any information obtained will be used for that purpose. *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104, 1116 (C.D.Cal.2005) and 15 U.S.C. § 1692e(11). The Court notes that Defendants do not specifically address Plaintiff's § 1692e(11) claim, nor do they argue that any such notice was given. Thus, taking all allegations in the FAC as true, and drawing all reasonable inferences in favor of the non-moving party, the Court finds that Plaintiff has sufficiently stated a claim of violation of § 1692e(11). As such, the Court **DENIES** Defendants' Motion to Dismiss as to Plaintiff's § 1692e(11) claim.

### 6. *Plaintiff's § 1692f(1) claim*

Section 1692f prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt," which includes "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1); *Durham v. Cont'l Cent. Credit*, No. 07cv1763 BTM(WMc), 2009 WL 3416114, at *2 (S.D.Cal. Oct. 20, 2009). Under § 1692f(1), where parties have not

expressly agreed on charges to be collected with respect to a debt, state law determines whether additional charges are permitted. *Palmer v. Stassinos,* 348 F.Supp.2d 1070, 1076 (N.D.Cal.2004).

Here, Plaintiff claims that Defendants stated in a February collection letter that Plaintiff owed $20,706.68 when they later demanded only $20,427.13 in the State Court Action in violation of § 1692f(1). FAC ¶¶ 26, 38, 60. However, Plaintiff does not point to a specific interest, fee, charge, or expense incidental to the principal obligation that Defendants improperly sought to collect. Further, Plaintiff does not state how Defendants' alleged request for $20,706.68 was more than what Plaintiff actually owed. Thus, it is unclear to the Court how Defendants had violated § 1692f(1). As such, the Court **GRANTS** Defendants' Motion to Dismiss with leave to amend.

### IV. CONCLUSION

Based on the foregoing, the Court **GRANTS in part and DENIES in part** Defendants' Motion to Dismiss as follows:

- The Court **GRANTS** Defendants' Motion as to Plaintiff's § 1692d and § 1692d(2) claims with twenty days leave to amend.

- The Court **GRANTS** Defendants' Motion to Dismiss Plaintiff's § 1692e(5) claim without leave to amend.

- The Court **DENIES** Defendants' Motion to Dismiss Plaintiff's 1692e(10) claim.

- The Court **DENIES** Defendants' Motion to Dismiss Plaintiff's 1692e(11) claim.

- The Court **GRANTS** Defendants' Motion to Dismiss Plaintiff's

§ 1692f(1) claim with twenty days leave to amend.

**IT IS SO ORDERED.**