

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CASCADES COMPUTER INNOVATION, LLC, | No. 16-15782 |
| Plaintiff-Appellant, | D.C. No. 4:12-cv-01143-YGR |
| v. | |
| RPX CORP. and SAMSUNG ELECTRONICS CO. LTD., | MEMORANDUM* |
| Defendants-Appellees, | |

Appeal from the United States District Court
for the Northern District of California
Honorable Yvonne Gonzalez Rogers

Argued and Submitted November 14, 2017
San Francisco, California

Before: CLIFTON and FRIEDLAND, Circuit Judges, and SESSIONS,** District
Judge.

Cascades Computer Innovation, LLC ("Cascades") appeals the district

court's dismissal of the antitrust action it brought against RPX Corporation

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable William K. Sessions III, United States District Judge
for the District of Vermont, sitting by designation.

("RPX") and Samsung Electronics, Co. LTD. ("Samsung") (collectively as "defendants"). The district court concluded that Cascades failed to allege an injury sufficient to establish antitrust standing and failed to state a plausible antitrust violation. We affirm.

1. Cascades must allege a legitimate antitrust injury to establish antitrust standing to maintain its claims. There are "four requirements for antitrust injury: (1) unlawful conduct, (2) causing an injury to the plaintiff, (3) that flows from that which makes the conduct unlawful, and (4) that is of the type the antitrust laws were intended to prevent." *Am. Ad Mgmt. Inc. v. Gen. Tel. Co. of California*, 190 F.3d 1051, 1055 (9th Cir. 1999).

Cascades' purported injury is that, "[a]s a direct and proximate result of the [defendants'] conspiracies, Cascades has been unable to independently negotiate licenses with any of the three manufacturing defendants on terms and conditions that would have been established by the forces of supply and demand in an unrestrained market." The supposed harm here is that Cascades "has been prevented from obtaining royalties or other compensation it would otherwise have received for licenses under the Cascades patents." However, as established by a jury verdict rendered in the United States District Court for the Northern District of Illinois, the defendants were not infringing the '750 Patent and therefore did not

2

need to pay Cascades for a license. The district court properly recognized the preclusive effect of the Northern District of Illinois jury verdict and correctly reasoned that because the defendants did not infringe the '750 Patent, Cascades' failure to license the patent was not a cognizable antitrust injury.[1]

2. While Cascades contends that there are 38 patents at issue in this case, the district court properly recognized that Cascades' antitrust action essentially entirely revolved around the '750 Patent. Cascades' First Amended Complaint ("FAC") makes this clear, as the allegations regarding the other patents are conclusory and contain no specific facts or details.

3. Generally, "[w]here a district court dismisses a federal claim, leaving only state claims for resolution, it should decline jurisdiction over the state claims

---

[1] As stated above, an injury is only cognizable under the antitrust laws if it is "of the type the antitrust laws were intended to prevent." *American Ad Management*, 190 F.3d at 1055. The "antitrust laws are intended to preserve competition for the benefit of consumers," and thus "are only concerned with acts that harm allocative efficiency and raise the price of goods above their competitive level or diminish their quality." *Pool Water Prods. v. Olin Corp.*, 258 F.3d 1024, 1034 (9th Cir. 2001) (internal quotations and punctuation omitted). When alleged conduct "harms the plaintiff without adversely affecting competition generally, there is no antitrust injury." *Paladin Associates. v. Montana Power Co.*, 328 F.3d 1145, 1158 (9th Cir. 2003). Here, the defendants were not infringing the valid patent; therefore, they were not using the invention. Thus, the failure to license had no effect on the price or quality of any consumer goods. Any allegedly unlawful conduct, therefore, is not of the type the antitrust laws were intended to prevent.

and dismiss them without prejudice." *Wade v. Reg'l Credit Assn.*, 87 F.3d 1098, 1101 (9th Cir. 1996). In certain cases, however, it may be appropriate for the district court to maintain jurisdiction over state law claims in the interest of judicial economy. *See Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008). The district court dismissed Cascades' California state law claims with prejudice because they are inadequate for the same reasons as the federal antitrust claims. Cascades had previously conceded that its "California State Law claims live or die with the Federal Sherman Act claims." "Cartwright Act claims raise basically the same issues as do Sherman Act claims." *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 811 n.4 (9th Cir. 1988). Additionally, the only unlawful business practices alleged by Cascades under California's Unfair Competition Law were antitrust violations under the Sherman Act and Cartwright Act. Thus, the district court did not err in dismissing the state law claims with prejudice.

The district court's decision is **AFFIRMED**.