NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

AUG 29 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHAEL HUNT,

Plaintiff-Appellant,

v.

CITY OF LOS ANGELES, a municipal corporation; CHARLES L. BECK, in his individual and official capacity; MATTHEW M. JOHNSON, in his individual and official capacity; DOES, 1-10,

Defendants-Appellees.

No.   21-55310

D.C. No.
2:17-cv-08064-JFW-PVC

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted August 26, 2022[**]

Before:  WALLACE, FERNANDEZ, and SILVERMAN, Circuit Judges

Michael Hunt appeals pro se from the district court's summary judgment in

his 42 U.S.C. § 1983 action alleging various constitutional and state law violations.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291. We review summary judgment de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment for defendants Beck and Johnson because Hunt failed to raise a genuine dispute of material fact as to whether these defendants were personally involved in any constitutional violations or engaged in any wrongful acts causally connected to any constitutional violations. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) ("A defendant may be held liable as a supervisor under § 1983 if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." (internal quotation marks and citation omitted)).

The district court properly granted summary judgment on Hunt's municipal liability claim under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), because Hunt failed to raise a genuine dispute of material fact as to whether any policy, custom, practice, or decision of a final policymaker of the City of Los Angeles caused him to suffer constitutional injuries. *See Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 602–03 (9th Cir. 2019) ("[M]unicipalities may be liable under § 1983 for constitutional injuries pursuant to (1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise, or discipline; or (4) a decision or act by a final policymaker.").

The district court properly declined to exercise supplement jurisdiction over Hunt's state law claims. *See Wade v. Reg'l Credit Ass'n*, 87 F.3d 1098, 1101 (9th Cir. 1996) ("Where a district court dismisses a federal claim, leaving only state claims for resolution, it should decline jurisdiction over the state claims and dismiss them without prejudice.").

The district court did not abuse its discretion by denying Hunt's request for additional time to conduct discovery under Rule 56(d), given that he neither diligently pursued his previous discovery opportunities nor demonstrated what evidence additional discovery would bring him or how it would avert summary judgment. *See Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 920–21 (9th Cir. 1996) (reviewing for abuse of discretion and holding that the movant must show that the evidence sought exists, would prevent summary judgment, and has been diligently sought). The district court also properly denied Hunt's request to cross-examine or depose the defendants' declarants under C.D. Cal. Local Rule 7-8 because that rule "does not apply to hearings on motions for summary judgment." *Living on the Edge, LLC v. Lee*, 2015 WL 12712583, at *1 (C.D. Cal. Jan. 5, 2015).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

3