**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARTHA A. MCNAIR, an individual, *Plaintiff-Appellant*, | No. 15-17383 |
| | D.C. No. 2:14-cv-00869-DGC |
| v. | |
| MAXWELL & MORGAN PC, an Arizona professional corporation; CHARLES E. MAXWELL, husband; W. WILLIAM NIKOLAUS, husband; LISA MAXWELL, wife; LESLIE NIKOLAUS, wife, *Defendants-Appellees.* | OPINION |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Argued and Submitted September 14, 2017
San Francisco, California

Filed June 25, 2018

Before:  Jay S. Bybee[*] and Michelle T. Friedland, Circuit
Judges, and Janet Bond Arterton,[**] District Judge.

Opinion by Judge Arterton

---

**SUMMARY**[***]

---

**Fair Debt Collection Practices Act**

The panel affirmed in part and reversed in part the
district court's grant of summary judgment in favor of the
defendants on plaintiff's claims that the defendants,
including a law firm, violated the Fair Debt Collection
Practices Act in their efforts to collect unpaid homeowner
association assessments and other charges that she allegedly
owed their client.

The panel reversed the district court's grant of summary
judgment on plaintiff's claim that in judicial proceedings,
defendants misrepresented the amount of her debt and
sought attorneys' fees to which they were not entitled.
Distinguishing *Ho v. ReconTrust Co., NA*, 858 F.3d 568 (9th
Cir. 2017), the panel held that the defendants' effort to

---

[*] Following the retirement of Judge Kozinski, Judge Bybee was
randomly drawn to replace Judge Kozinski on the panel. Judge Bybee
has read the briefs, reviewed the record, and watched a video recording
of the oral argument held on September 14, 2017.

[**] The Honorable Janet Bond Arterton, United States District Judge
for the District of Connecticut, sitting by designation.

[***] This summary constitutes no part of the opinion of the court.  It
has been prepared by court staff for the convenience of the reader.

collect homeowner association fees through judicial foreclosure constituted "debt collection" under the FDCPA. The panel held that defendants' filing of a writ of special execution violated 15 U.S.C. § 1692e because defendants falsely represented the legal status of their request for attorneys' fees. The panel remanded to the district court for a determination on damages.

In a concurrently-filed memorandum disposition, the panel affirmed the district court's summary judgment in part.

## COUNSEL

Douglas C. Wigley (argued) and Jonathan A. Dessaules, Dessaules Law Group, Phoenix, Arizona, for Plaintiff-Appellant.

Robert Travis Campbell (argued), Jeffrey A. Topor, and Tomio B. Narita, Simmonds & Narita LLP, San Francisco, California, for Defendants-Appellees.

## OPINION

ARTERTON, District Judge:

Plaintiff Martha McNair appeals the district court's grant of Defendant's summary judgment motion in her action under the Fair Debt Collection Practices Act ("FDCPA" or the "Act") and its denial of McNair's motion for partial summary judgment. McNair's complaint alleged that Defendants, including the law firm Maxwell & Morgan P.C., violated the FDCPA in their efforts to collect unpaid homeowner association assessments and other charges that

she allegedly owed their client, the Neely Commons Community Association ("Association"). In the Memorandum Disposition filed together with this Opinion, we affirm the district court's conclusion that all but two of Plaintiff's FDCPA claims were untimely and the grant of summary judgment to Defendants on Plaintiff's timely claim that Defendant violated the FDCPA by not responding expeditiously to Plaintiff's requests for a statement of the amount she owed.

The district court also granted summary judgment to Defendants on Plaintiff's sole other timely claim, which alleged that in judicial proceedings in 2013 and 2014, Defendants misrepresented the amount of Plaintiff's debt and sought attorneys' fees to which they were not entitled. With respect to this claim, we reverse the district court's grant of summary judgment against Plaintiff and denial of Plaintiff's motion for partial summary judgment, as explained herein.

Because most of the facts in this decade-long saga bear little or no relevance to the basis for this Opinion, we do not recite the entire history of the case, which was ably summarized in the district court's decision. As relevant here, Plaintiff bought a home in Gilbert, Arizona in 2004 that was part of the Neely Commons Community Association. Plaintiff was required, under a declaration of covenants, conditions, and restrictions, to pay an annual assessment to the Association in monthly installments. When an owner fails to pay an installment, after the Association makes a written demand, the Association can record a notice of lien on the owner's property. The Association has the right to collect the debt, including late fees, costs, and attorneys' fees, by suing the owner or by bringing an action to foreclose the lien.

Defendants first notified Plaintiff in 2009 of her failure to pay a debt arising out of her homeowner association assessment. Defendants represented the Association in suing Plaintiff, after which the parties entered into a payment agreement. After Plaintiff defaulted on the agreement, Defendants revived the lawsuit and obtained a default judgment in 2010. As the district court noted, the record is silent as to what occurred in 2011. In 2012, Defendants represented the Association in suing Plaintiff again, and the parties agreed to a new payment plan and to execute a stipulated judgment against Plaintiff that recognized the Association's right to collect the debt by selling Plaintiff's home. Plaintiff failed to make all of the required monthly payments. In November 2013, Defendants requested via praecipe, and the Maricopa Superior Court granted, a writ of special execution for foreclosure on Plaintiff's house. The property was sold for $75,000 at a foreclosure sale, and Defendants and their client received a total of $11,600.13 in satisfaction of the debt, including attorneys' fees and costs.

The district court rejected Plaintiff's claim that Defendants violated the FDCPA in judicial proceedings in 2013 and 2014 by misrepresenting the amount of Plaintiff's debt and seeking attorneys' fees to which they were not entitled, on two separate and apparently independent grounds. First, the district court held that Defendants were not engaged in "debt collection" as defined under the FDCPA. Second, the district court held that Defendants' filing of the writ did not violate the FDCPA because the Maricopa County Superior Court later approved the attorneys' fees claimed in the writ. We disagree with both grounds and therefore reverse.

Writing without the benefit of our subsequent published opinions, discussed *infra*, the district court concluded that

Defendants were not engaged in "debt collection" as defined under the FDCPA because the writ was filed in order to foreclose on a lien. We now clarify that Defendants' effort to collect homeowner association fees through judicial foreclosure constitutes "debt collection" under the Act.

Under the FDCPA, a "debt" is "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). The Act "defin[es] the term 'debt collector' to embrace anyone who 'regularly collects or attempts to collect . . . debts owed or due . . . another.'" *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1721 (2017) (citing 15 U.S.C. § 1692a(6)) (alterations in original).

This statutory language notwithstanding, the district court concluded that "Defendants' filing of the writ did not constitute a violation" of the Act, relying in part on *Hulse v. Ocwen Fed. Bank, FSB*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002), for the proposition that foreclosure proceedings are not the collection of a debt for purposes of the Act.

The district court's holding cannot be reconciled with the language of the FDCPA. The record makes clear that Defendants were in fact "debt collectors" collecting "debt." The debt here accrued as a result of Plaintiff's failure to pay homeowner association fees. Accordingly, Plaintiff's "obligation . . . to pay money ar[ose] out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes[.]" 15 U.S.C. § 1692a(5) (defining "debt" under the Act); *see also Mashiri v. Epsten*

*Grinnell & Howell*, 845 F.3d 984, 989–90 (9th Cir. 2017) (concluding that attorneys' collection letter regarding failure to pay homeowner's assessment fee constituted debt collection under the FDCPA). And "attorneys who 'regularly' engage in consumer-debt-collection activity" are debt collectors under the Act, "even when that activity consists of litigation." *Heintz v. Jenkins*, 514 U.S. 291, 299 (1995).

Nonetheless, Defendants contend that under our recent decision in *Ho v. ReconTrust Co., NA*, 858 F.3d 568 (9th Cir.), *cert. denied*, 138 S. Ct. 504 (2017), they "are not debt collectors when pursuing a foreclosure to enforce a security interest." In *Ho*, we held that a trustee in a non-judicial foreclosure scheme that does not allow for deficiency judgments was not engaged in "debt collection" under the FDCPA. *See id.* at 572 ("[A]ctions taken to facilitate a non-judicial foreclosure . . . are not attempts to collect 'debt' as that term is defined by the FDCPA.").

Our decision in *Ho* does not, however, preclude FDCPA liability for an entity that seeks to collect a debt through a *judicial* foreclosure scheme that allows for deficiency judgments. In *Ho*, we noted that because "[t]he object of a non-judicial foreclosure is to retake and resell the security, not to collect money from the borrower[,]" and because "California law does not allow for a deficiency judgment following non-judicial foreclosure[,]" "the foreclosure extinguishes the entire debt even if it results in a recovery of less than the amount of the debt." *Id.* at 571–72 (citing Cal. Civ. Code § 580d(a); *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1239 (10th Cir. 2013); *Alaska Tr., LLC v. Ambridge*, 372 P.3d 207, 228 (Alaska 2016) (Winfree, J., dissenting)). Accordingly, we held that "actions taken to facilitate a non-judicial foreclosure, such as sending

the notice of default and notice of sale, are not attempts to collect 'debt' as that term is defined by the FDCPA." *Id.* at 572. Here, by contrast, Defendants filed the Praecipe and Writ in order to collect a debt arising from Plaintiff's failure to pay homeowner association fees as part of a judicial foreclosure scheme that in many cases allows for deficiency judgments. *See* Ariz. Rev. Stat. §§ 33-727(A), 33-729(B)–(C). Therefore, and for the reasons discussed above, this action constitutes debt collection under the FDCPA.[1]

As an independent basis for summary judgment, the district court also concluded that the Maricopa County Superior Court implicitly approved the attorneys' fees claimed, first by issuing the writ and later by rejecting Plaintiff's subsequent challenges to the amount of fees made in Plaintiff's motion to cancel the sheriff's sale and in Plaintiff's motion for relief from judgment. In so doing, however, the district court failed to examine whether Defendants were legally entitled to claim the attorneys' fees owed at the time Defendants made the writ application.

In Arizona, a party that has obtained a judgment "may have a writ of execution or other process issued for its enforcement." Ariz. Rev. Stat. § 12-1551(A). And in Maricopa County, in order to request issuance of a post-judgment writ of special execution, a party must file a praecipe or an application in writing with the Clerk of the

---

[1] The district court relied on *Hulse*, 195 F. Supp. 2d at 1204, as described *supra*, for the broad proposition that foreclosure proceedings are categorically not debt collection for purposes of the FDCPA. *Ho* subsequently endorsed *Hulse* for the more limited proposition that "'foreclosing on a *trust deed* is an entirely different path' than 'collecting funds from a debtor.'" 858 F.3d at 572 (emphasis added) (quoting *Hulse*, 195 F. Supp. 2d at 1204). *Hulse*, like *Ho*, involved a non-judicial foreclosure, unlike here.

Superior Court. 17C Ariz. Rev. Stat. Super. Ct. Local Prac., Maricopa Cty., R. 3.5.

The Praecipe filed by Defendants on November 5, 2013 requested that the Clerk of the Maricopa County Superior Court issue the attached Writ of Special Execution against McNair. The Writ states that "attorney fees of $1,687.50, plus accruing attorney fees of $1,597.50 . . . are now at the date of this Writ due" under the stipulated judgment executed by both parties on June 27, 2012 and adopted by order of the Superior Court on July 12, 2012.

Under the FDCPA, debt collectors "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. This includes "[t]he false representation of the character, amount, or legal status of any debt[.]" *Id.* § 1692e(2)(A). In Arizona, requests for post-judgment attorneys' fees must be made in a motion to the court. *See* Ariz. R. Civ. P. 54(g). The record reflects that at the time the Writ was filed, no court had yet approved the quantification of the "accruing" attorneys' fees claimed in the Writ.[2] Accordingly, Defendants falsely represented the legal status of this debt, by implicitly claiming that the accruing attorneys' fees of $1,597.50 already had been approved by a court. *See Woliansky v. Miller*, 704 P.2d 811, 813 (Ariz. Ct. App. 1985) ("The determination of the reasonable amount of attorney fees was peculiarly within the discretion of the trial court."); *Costa v. Maxwell & Morgan PC*, No. CV-15-00315-PHX-NVW, 2015 WL 3490115, at *6 (D. Ariz. June 3, 2015) (plaintiff stated claim that Maxwell & Morgan PC

---

[2] The stipulated judgment provided only that Plaintiff owed "attorney fees . . . in an amount of $1,687.50, plus accruing attorney fees incurred hereafter[.]"

violated § 1692e(2) by "demanding attorneys' fees not [yet] approved by a court").

Because the district court granted summary judgment to Defendants on this claim, it did not assess what actual damages, if any, Plaintiff may have suffered as a result of this violation. While Plaintiff may not have suffered any actual damages in light of the Superior Court's later approval of these attorneys' fees, the district court should determine the statutory (and, if applicable, actual) damages to which Plaintiff is entitled. *See* 15 U.S.C. § 1692k. Accordingly, we remand to the district court for a determination on damages.

**REVERSED AND REMANDED IN PART.**

Each party shall bear their own costs.