NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 30 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HEIDI ANGLIN, et al.,

Plaintiffs-Appellants,

v.

MERCHANTS CREDIT CORPORATION,
et al.,

Defendants-Appellees.

No. 20-35820

D.C. No. 2:18-cv-00507-BJR

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Barbara Jacobs Rothstein, District Judge, Presiding

Argued and Submitted February 15, 2022
San Francisco, California

Before: GOULD and RAWLINSON, Circuit Judges, and ADELMAN,[**] District
Judge.

Heidi and Ernest Anglin owe approximately $3,000 in medical debt.

Merchants Credit Corporation (Merchants), the assignee of the debt, filed a

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Lynn S. Adelman, United States District Judge for the
Eastern District of Wisconsin, sitting by designation.

collection action in state court in Washington state, and the Anglins counterclaimed. The state court granted Merchants' summary judgment motion and entered judgment against the Anglins for $3,490.65 but did not resolve the counterclaims. Merchants and its attorney, Jason Woehler (Woehler), sought to enforce the judgment by issuing a writ of garnishment on Heidi Anglin's wages. On the Anglins' motion, the state court quashed the writ because Merchants' judgment was not final,[1] and Heidi Anglin's employer returned her garnished wages. Later, after a bench trial, the state court entered judgment for Merchants on the counterclaims. The Anglins then filed this action, alleging that Merchants and Woehler violated the Fair Debt Collection Practices Act (FDCPA) and that Merchants violated the Washington Consumer Protection Act (WCPA) by garnishing Heidi's wages to enforce a nonfinal judgment. The district court dismissed the Anglins' complaint for failure to state a claim. The Anglins now appeal.

The district court stated that "at worst, Defendants violated a state court procedural rule—not substantive law—when they applied for the writ of garnishment based on the valid, albeit, not final judgment" and that "[g]enerally,

---

[1] In Washington, only final judgments are enforceable. *See Fluor Enters., Inc. v. Walter Constr., Ltd.*, 172 P.3d 368, 371–73 (Wash. Ct. App. 2007). A judgment that does not dispose of all the claims in an action is final "only upon an express determination in the judgment that there is no just reason for delay and upon an express direction for the entry of judgment." WASH. CIV. R. CTS. LTD. JURISDICTION 54(b). Merchants' judgment did not contain such determinations.

such procedural mishaps in state court cannot be the basis for a FDCPA claim." The Anglins argue that they stated an FDCPA claim by alleging a violation of state garnishment law. But debt collection practices in violation of state law are not per se violations of the FDCPA. *Wade v. Reg'l Credit Ass'n*, 87 F.3d 1098, 1100 (9th Cir. 1996). The issue is not whether Merchants and Woehler violated state law but whether they violated the FDCPA. *Id.* The Anglins do not address this question. In *McNair v. Maxwell & Morgan PC*, 893 F.3d 680 (9th Cir. 2018), we held that a debt collector falsely represented the legal status of a debt by implicitly claiming in an application for a writ of execution that its attorneys' fees had been approved by a court, when, in fact, they had not yet been approved. *Id.* at 684. The Anglins might have argued that Merchants and Woehler falsely represented the legal status of their debt by implicitly claiming in the garnishment application that the debt was subject to a final judgment. But they do not make this argument, so it is waived. *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994). Accordingly, we affirm the district court's dismissal of the FDCPA claims.

The district court also considered the Anglins' supplemental WCPA claim. There are five elements to a WCPA claim: "(1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; (5) causation." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 533 (Wash. 1986) (en banc). The district

3

court stated that the Anglins could not satisfy the "trade or commerce" element because Merchants' "conduct taken in the course of litigation is not conduct in trade or commerce." *See Blake v. Fed. Way Cycle Ctr.*, 698 P.2d 578, 584 (Wash. Ct. App. 1985).[2] The district court failed to consider whether the Anglins alleged a violation of the Washington Collection Agency Act (WCAA), which would have established an unfair or deceptive act in trade or commerce for purposes of the WCPA. *See* Wash. Rev. Code § 19.16.440. But the Anglins do not argue or explain how their allegations amount to a WCAA violation. Thus, that argument is also waived. *Greenwood*, 28 F.3d at 977. Accordingly, we affirm the district court's dismissal of the WCPA claim.

**AFFIRMED.**

---

[2] The Anglins only appeal the district court's dismissal of their per se WCPA claim based on violations of the WCAA. Consequently, they do not argue that *Blake* should not apply to a collection agency's litigation activities in a stand-alone WCPA claim.